THE CHARTER OAK LIFE INSURANCE COMPANY VS. SAWYER
and another.

*Foreign insurance companies.*

Foreign corporations may maintain suits in the courts of this state; and
foreign insurance companies may take securities in this state for debts
due them from residents thereof, without complying with the statutory
conditions to their transaction here of the business of insurance.

APPEAL from the Circuit Court for *Milwaukee* County.

Plaintiff took from the defendant *Sawyer*, at Milwaukee
in this state, in 1864, a bond for the payment of moneys then
loaned to him by plaintiff, and a mortgage of land in this state
as a further security therefor. This action was brought on
the bond and mortgage, upon an alleged default of said de-
fendant. The complaint alleges that plaintiff is, and was at
the times of the transactions therein mentioned, a corporation
created by a certain specified statute of the state of Connecticut,
having its principal place of business in Hartford in said state,
and duly authorized to enter into the contracts sued upon, and
entitled to institute and maintain this action; but it contains
no further or more specific averments as to such authority to
so contract, or to sue here.

The defendant *Sawyer* demurred to the complaint, on the
grounds that it did not state a cause of action; that, as a for-
eign corporation, plaintiff had no authority to make the con-
tracts sued on, or loan money, or prosecute the action, in this
state; and that the court had no jurisdiction of the action.
From an order overruling his demurrer, said defendant ap-
pealed.

The cause was submitted on the brief of *Orton & Frank-
enberger* for the appellant, and that of *Wilson Graham* for the
respondent.

RYAN, C. J. Insurance companies in other states are bound

by statute to certain prescribed compliances, in order to authorize them to transact the business of insurance in this state. But compliance with that statute is not necessary to enable them to take securities in this state for debts due to them by residents of the state.

And if it ever were a doubtful question whether corporations of one state could maintain suits in another state, it is no longer so. Such suits are now supported by judicial decisions in all the states. It would be intolerable injustice if a creditor corporation in one state could not sue its debtor in another. Such corporations, denied judicial process against their debtors in the courts of the debtors' domicile, might well exclaim, as Chancellor KENT, I think, once said: *Quod genus hoc hominum? quæve hunc tam barbara morem permittit patria? Hospitio prohibemur arenæ.*

*By the Court.* — The order of the court below is affirmed.