WEYBURN & BRIGGS COMPANY, Appellant, vs. BEMIS, Respondent.

*May 13—June 10, 1904.*

*Limitation of actions: Absence of defendant from state: Foreign corporation as plaintiff.*

Sec. 4231, Stats. 1898 (providing that if, after a cause of action has accrued against a person, he shall depart from and reside out of this state, the time of his absence shall not be taken as any part of the time limited for the commencement of an action against him in this state), is applicable where the plaintiff is a foreign corporation having the right to sue in the courts of this state upon the obligation in question.

APPEAL from a judgment of the circuit court for Rock County: B. F. DUNWIDDIE, Circuit Judge. *Reversed.*

Action commenced December 26; 1901, on a promissory note dated December 10, 1893, payable in sixty days to the. plaintiff, a foreign corporation, at the Bank of Lodi, Wisconsin; defendant then being a resident of Wisconsin. He continued such until April, 1894, then changed his residence, first to Kansas, then to Colorado, and did not return to Wisconsin until about September, 1901, where he again became a resident and was so at the commencement of the action.。 The only defense was the six-years statute of limitations. The court held the action barred thereby, and rendered judgment dismissing the complaint, from which the plaintiff appeals.

For the appellant there was a brief by *Stanley D. Tallman,* attorney, and *E. D. McGowan,* of counsel, and oral argument by *Mr. McGowan.*

For the respondent there was a brief by *Fethers, Jeffris & Mouat,* and oral argument by *M. G. Jeffris* and *M. O. Mouat.* They contended, *inter alia,* that sec. 4231 is an "exemption statute," providing for exceptions from the provisions of sec. 4222 under certain circumstances, and the plaintiff, a foreign corporation, is not entitled to the benefit thereof. *Larson v. Aultman & T. Co.* 86 Wis. 281; *Travelers' Ins. Co. v. Fricke,* 99 Wis. 367; *Nat. Bank v. Davis,* 100 Wis. 240; *State v. Nat. Acc. Soc.* 103 Wis. 208; *Pembina M. Co. v. Pennsylvania,* 125 U. S. 181; 6 Thompson, Corp. §§ 7875, 7876.

Dodge, J. Defendant seeks immunity from suit upon an undisputed obligation solely on the ground of a statute of limitation. That statute accords such immunity only after the expiration of six years, and provides that in computing such term no period of absence shall be considered in favor of one who, residing here at the accrual of the cause of action, afterwards departs from and resides out of this state. Secs. 4222, 4231, Stats. 1898. Six years have not elapsed since this cause of action accrued, unless is counted the period of defendant's

absence after changing his residence to another state. Clearly he has failed to prove the facts on which alone the statute accords the immunity claimed.

It is urged that for some reason sec. 4231 should not apply, because the plaintiff is a foreign corporation. The statute makes no exception by reason of such fact, and the court cannot without usurping legislative functions. Both by statute and decision the right to sue in our courts upon such obligation as this is granted to foreign corporations (sec. 3207, Stats. 1898; *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281, 97 N. W. 940), and as plaintiff's cause of action is fully established, it was entitled to judgment.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff in accordance with the prayer of the complaint.