PRESBYTERIAN MINISTERS' FUND, Respondent, vs. THOMAS, Appellant.

*October 28—November 14, 1905.*

*Life insurance: Place of contract: Unlicensed foreign corporation: Enforcement of contract: Comity.*

1. Defendant's application for insurance, signed in Wisconsin, was forwarded to the office of the plaintiff insurance company, a Pennsylvania corporation, in Philadelphia. The company thereupon issued a policy at said office and mailed it to defendant, and upon receipt thereof defendant signed, in Wisconsin, a note for the premium, payable in Philadelphia, and mailed it to the company. *Held*, that the insurance contract was made in Philadelphia.

2. A life insurance contract made in another state by a foreign corporation with a resident of Wisconsin, in violation of sec. 1978, Stats. 1898, will not be enforced in Wisconsin courts.

3. Comity does not require our courts to enforce the contract of a foreign corporation with a resident of this state in conflict with the letter and policy of our laws, whether the contract be made within or without the state.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

Plaintiff, a Pennsylvania corporation, brought action to recover on a note given for the first premium on a life insurance policy on the life of the defendant, a resident of Wisconsin. It is alleged in the answer, in effect, that plaintiff is a foreign corporation engaged in furnishing life insurance, incorporated under the laws of Pennsylvania and having its home office in Philadelphia, and that it has not been licensed to do business in Wisconsin, and has not complied with ch. 89, Stats. 1898, and amendments thereto; that the note in question was made in Wisconsin, and that plaintiff represented it was authorized to do business therein; and that it discriminates in favor of some and against other individuals and between insurants of the same class. A jury was waived and the case tried by the court, and judgment entered for plaintiff for $227, amount of

the note for first premium, from which judgment this appeal
was taken.

The cause was submitted for the appellant on the briefs of
*Winter & Esch,* and for the respondent on the brief of *Geo.
W. Bunge.*

KERWIN, J.   It is conceded that the plaintiff is a Pennsyl-
vania corporation, and that it never complied with the laws
of this state respecting the doing of insurance business herein
or the making of contracts with residents of this state.   The
contention on the part of the defendant to reverse the judg-
ment is that the contract in question was made in Wisconsin,.
therefore void for the reason that plaintiff had no authority
to do business or make contracts in Wisconsin without com-
pliance with our statutes, and that, even if made in Pennsyl-
vania, still it cannot be enforced here.   The contract of insur-
ance was made by correspondence, the plaintiff sending its ap-
plication from its office in Philadelphia to defendant at La
Crosse, Wisconsin.   Defendant filled out and signed the ap-
plication at La Crosse and forwarded it to plaintiff's office in
Philadelphia, offering to take the insurance in accordance
with the application, and directing the issue of the policy.
In compliance therewith plaintiff issued the policy at its office
in Philadelphia and mailed the same to defendant, upon re-
ceipt of which defendant signed and mailed to plaintiff a note
for the first premium, which note recited that it was for bal-
ance of first premium on the policy and payable at Philadel-
phia.   The court below found that the contract was made in
Philadelphia, Pennsylvania, and we are inclined to the opin-
ion that it was right in so holding.   Defendant's proposition
for insurance was accepted at Philadelphia when the policy
was issued and mailed to defendant in compliance with the ap-
plication, and the note in suit given for the first premium,
although made and signed in Wisconsin, was payable in Phil-
adelphia, Pennsylvania.   We think, therefore, the contract in

question was a Pennsylvania contract. While as a general rule the construction and validity of a purely personal contract depends on the law of the place where made, if the contract be made in one place to be performed in another, the place of payment and performance is the place of the contract. *Brown v. Gates,* 120 Wis. 349, 97 N. W. 221, 98 N. W. 205.

We are not concerned here whether this contract could be enforced outside of Wisconsin or not. The question is, Can it be enforced in Wisconsin? Sec. 1978, Stats. 1898, provides:

"No corporation, association, partnership or individual shall do any business of insurance of any kind, or make any guaranty, contract or pledge for the payment of annuities or endowments or money to the families or representatives of any policy or certificate holder, or the like, in this state or with any resident of this state except according to the conditions and restrictions of these statutes. And the term insurance corporation as used in this chapter may be taken to embrace every corporation, association, partnership or individual engaging in any such business."

This statute is broad and general, and prohibits all persons and corporations from doing any business of insurance or making any insurance contract in this state, or with any resident of this state, except according to the restrictions prescribed by statute. The restrictions and conditions imposed will be found in secs. 1220, 1947–1951, 1953, 1954, Stats. 1898, and are provisions in the interest and for the protection of residents of this state against irresponsible insurance companies. Sec. 1978, Stats. 1898, above quoted, was obviously intended to prevent the making of any insurance contract with a resident of this state by any individual or corporation who had not complied with these statutes. As said by Mr. Justice WINSLOW, in speaking for the court, in *Rose v. Kimberly & Clark Co.* 89 Wis. at page 550 (62 N. W. 527):

"The evil to be corrected is not the writing of a policy by an unlicensed company within this state alone, but the writing

of such a policy at all. Bearing in mind the object of the statute and the evil to be corrected, it is very plain that the object will be largely defeated, and the evil will flourish as before, if it be held that companies without license can establish their agencies just outside of the state line and conduct their business by mail."

Counsel for respondent seeks to distinguish the foregoing case from the case at bar, because the subject of insurance was property in Wisconsin, but no difference in principle is perceived. In each the contract attempted to be enforced is against the plain, positive prohibition of the statute. To hold otherwise would be to give foreign insurance companies a decided advantage over residents of this state and practically nullify the statutes passed by the legislature for their protection.

It is well established that this state has the right to impose conditions upon foreign insurance companies doing business here when such conditions are not in conflict with the constitution or laws of the United States. *Stanhilber v. Mut. M. Ins. Co.* 76 Wis. 285, 291, 45 N. W. 221; *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281, 97 N. W. 940; *State v. U. S. M. A. Asso.* 67 Wis. 624, 629, 31 N. W. 229; *Ætna Ins. Co. v. Harvey,* 11 Wis. 394. Nor does such legislation contravene the constitution of the United States. *Stanhilber v. Mut. M. Ins. Co., supra; Chicago T. & T. Co. v. Bashford, supra; Paul v. Virginia,* 8 Wall. 168, 181; *Ashland L. Co. v. Detroit S. Co.* 114 Wis. 66, 89 N. W. 904; *Wyman v. Kimberly-Clark Co.* 93 Wis. 554, 67 N. W. 932. The statute under consideration prohibits doing business of insurance or making contract of insurance with a resident of this state. The law denounces the making of any such contract with a resident of this state, and is very obviously against the enforcement of such a contract in our courts. The contract being contrary to the statutes and the policy of the law of this state, our courts will not lend their aid in the enforcement of it. *Ætna Ins. Co. v. Harvey, supra; Rose v. Kimberly & Clark Co.* 89 Wis. 545,

62 N. W. 526. We are referred to *Seamans v. Knapp-Stout & Co. Co.* 89 Wis. 171, 61 N. W. 757, and *Chicago T. & T. Co. v. Bashford, supra,* as authorities for respondent's contention; but we cannot see that these cases sustain their position. On the contrary they are clearly distinguishable from the case at bar. In *Seamans v. Knapp-Stout & Co. Co., supra,* the insurance company and the defendant were residents of the state of Wisconsin, although the property insured was situated outside of the state. No law of the state of Wisconsin was violated either in the making of the contract or the enforcement of it. In *Chicago T. & T. Co. v. Bashford, supra,* the contract in suit was upon a lien or claim which accrued before the passage of the law which it was claimed was violated. It was held that the plaintiff was not transacting business in the state by passively continuing to hold a previously existing and valid lien or title, and that the commencement and prosecution of the suit was not transacting business in the forbidden sense.

But it is strenuously contended that our courts should enforce the contract in question on the ground of comity. We are aware of no rule of comity which requires our courts to enforce the contract of a foreign corporation with a resident of this state in conflict with the letter and policy of our laws, whether the contract be made within or without the state. *Rose v. Kimberly & Clark Co., supra; Stanhilber v. Mut. M. Ins. Co., supra; Seamans v. Zimmerman,* 91 Iowa, 363, 59 N. W. 290; *Seamans v. Christian Bros. M. Co.* 66 Minn. 205, 68 N. W. 1065; *Seamans v. Temple Co.* 105 Mich. 404, 63 N. W. 408. The rule of comity claimed by respondent would place foreign corporations on more favorable ground in the transaction of insurance business with residents of this state than domestic corporations and foreign corporations duly licensed. The rule of comity does not go to this extent. 6 Thompson, Corp. § 7885; 2 Morawetz, Priv. Corp. (2d ed.) § 965; *Empire Mills v. Alston G. Co.* (Tex. App.) 15 S. W.

200, 505, 33 Am. & Eng. Corp. Cas. 15; *Bank of Augusta v. Earle,* 13 Pet. 519, 592. From what has been said it follows that the note sued upon was executed in contravention of the law of this state and should not be enforced by our courts.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to dismiss the complaint.