AMERICAN FOOD PRODUCTS COMPANY, Respondent, vs. AMERICAN MILLING COMPANY, imp., Appellant.

*November 21—December 10, 1912.*

*Discovery: Examination of adverse party: Affidavit: Requisites and sufficiency: Discretion: Notice: Irregularities: Foreign corporations: Right to sue in this state: Jurisdiction: Service of process on officer in state: Appeal: Review.*

1. Where plaintiff seeks to examine the defendant under sec. 4096, Stats., before issue joined, if his affidavit shows affirmatively that he has no cause of action the examination will be denied; but the affidavit need not state facts sufficient to constitute a cause of action, nor is it even necessary that plaintiff should know that a cause of action exists. All that the statute requires is that the general nature and object of the action be stated, and that a discovery is sought in order to enable the party applying for it to plead.

2. The right of foreign corporations to sue in the courts of this state rests upon comity, and in the absence of legislative prohibition they may maintain such actions in certain cases without having complied with sec. 1770*b*, Stats.

3. A contract between foreign corporations to exchange property of one or more for stock in another, which is neither made nor to be performed in this state and does not relate to property within the state, is not affected by sec. 1770*b*, Stats., either as

to its validity or as to the right of one of such corporations to maintain an action thereon in the courts of this state.

4. In such a case it is immaterial to plaintiff's right to examine an officer of the defendant corporation before issue joined, whether an action for specific performance can or cannot be maintained here upon contract to convey land in another state, where the affidavit states that the action is brought to enforce the promises and undertakings of defendant or, if specific performance be impossible, to recover damages.

5. Where the president of defendant corporation was named in the summons as an individual defendant, and a notice was given for an examination under sec. 4096, Stats., describing him as "one of the above named defendants," while the subpœna was directed to him "individually and as an officer of the corporations named," etc., service of such papers upon him was sufficient to authorize his examination as an officer of the corporation, and the irregularity, if any, should be disregarded.

6. Under subd. 13, sec. 2637, Stats. (1898), when a foreign corporation has property within this state, service of process may be made upon it by service upon an officer thereof, being within the state, and it is immaterial whether at the time of service such officer is in the state on business of the company or not.

7. The same rule applies to service of a notice of examination under sec. 4096, Stats., to enable the plaintiff to plead.

8. Where the matters upon which discovery is sought to enable a party to plead are obviously within the knowledge of the party applying for the examination it will be denied; but where the facts sought are not obviously within the knowledge of the party, and the affidavit is in compliance with the statute, examination should be permitted.

9. The affidavit in this case, showing among other things that the cause of action is based on a contract of subscription to the capital stock of plaintiff; that plaintiff had tendered performance, but defendant had failed to perform; that the books and records in defendant's possession show the transactions and proceedings with reference to said contract; and that discovery thereof is necessary and is sought in order to enable the plaintiff to plead,—is *held* sufficient to justify an order for the examination of the president of defendant, a foreign corporation, upon whom service had been made.

10. The examination of a party under sec. 4096, Stats., is at all times under the supervision of the trial court, and the discretion of that court respecting such examination will not be interfered with except in cases of clear abuse.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This is an appeal from an order for the examination under sec. 4096, Stats., before issue joined, of one A. G. Winter, as an officer of the defendant *American Milling Company,* a consolidated corporation. The affidavit for examination was made by one W. A. Hayes, in which he alleges that he is one of the attorneys for the plaintiff corporation and makes the affidavit on its behalf; that the general nature and object of this action is to enforce a certain agreement made by the defendants Marsden Company and American Milling Company with said plaintiff for a subscription to $1,251,000 worth of the total capitalization of $2,500,000 of the plaintiff corporation, and conveyance to said plaintiff of certain properties of said defendant corporations; that discovery is sought to enable the plaintiff to frame its complaint herein; that, as affiant is informed and verily believes, the plaintiff corporation was duly organized and exists under the laws of the territory of New Mexico and was organized for the purpose, among other things, of the general manufacture and sale of food products, dairy feed, etc., the purchasing and owning of real estate and other property, and the purchasing and holding of stock in other corporations engaged in similar enterprises; that the defendant Marsden Company is a corporation duly organized and existing under the laws of the state of New Jersey, so this affiant is informed and verily believes, with its principal office in the city of Philadelphia, Pennsylvania, and was until a short time ago, as deponent is informed and believes, a so-called holding corporation, having and holding a large proportion, if not all, of the stock of the defendant corporation American Milling Company; that the defendant corporation American Milling Company is a corporation duly organized and existing under the laws of the state of New Jersey, engaged in a general manufacture of

dairy feeds, and owning and holding large and valuable plants to manufacture the same at Peoria, Illinois, Lindon, Indiana, Owensboro, Kentucky, and Superior, Wisconsin; that at all times hereinafter mentioned the defendant A. G. Winter was one of the principal officers of the said defendant corporations, Marsden Company and American Milling Company, and, as this affiant is informed and believes, is now the president of said consolidated *American Milling Company,* defendant herein.

Deponent further alleges upon information and belief that sometime in December, 1908, or January or February, 1909, certain proceedings were had by the defendant corporations Marsden Company and American Milling Company, whereby it was attempted to consolidate such corporations and merge the same into the defendant *American Milling Company,* and said *American Milling Company* assumed all debts and liabilities of said defendants Marsden Company and American Milling Company; that sometime prior to December 14, 1905, negotiations were had between plaintiff and the defendant corporations for the subscription to a certain amount of the capital stock of the plaintiff corporation by said defendant corporations, and pursuant to said negotiations, on December 14, 1905, as deponent is informed and believes, a resolution was duly and regularly adopted by the defendant corporation Marsden Company, whereby it was agreed that the said Marsden Company should take stock in the plaintiff corporation to the amount of $1,251,000 of its total capitalization of $2,500,000, and in consideration for the issue of such stock by plaintiff to said Marsden Company there should be turned over and conveyed to plaintiff at the appraised value the plants then owned and occupied by the defendant American Milling Company at Peoria, Illinois, Lindon, Indiana, and Owensboro, Kentucky, together with the merchandise then on hand, accounts outstanding, real estates, etc., and that it was further agreed that certain properties should

be acquired by said defendants, or either of them, other than that held by them, and which said new properties, when so purchased and acquired, should also be conveyed to plaintiff in partial payment for the aforesaid subscription, and that the balance between such appraised value of all such property and said $1,251,000 should be paid in cash.

Deponent further alleges upon information and belief that said agreement for the subscription by said defendant Marsden Company was duly accepted by the plaintiff corporation, and thereafter stock for such amount, to wit, $1,251,000, was duly tendered to said Marsden Company, and proper offers and demand made for the compliance by said defendant Marsden Company of its part of said subscription agreement, but that said defendant corporations and each of them have evaded and refused to comply with all such demands and requests; that all of the books and records of said defendant corporations are in their possession and under their control and not in the possession and control of plaintiff, and that such books and records disclose, as deponent verily believes, the transaction of said corporations with reference to said proposed subscription, and the action, if any, taken by the said corporations subsequent to December 14, 1905, with reference to said subscription and agreement.

Deponent further alleges upon information and belief that subsequent to December, 1905, certain other properties have been acquired by said defendants, and that the same should be conveyed and assigned to the plaintiff, pursuant to the agreement aforesaid.

Deponent further alleges that this plaintiff has no adequate remedy at law, and that the points upon which discovery is sought are as follows:

First. The minutes of the meetings of the defendant corporations from on or about December 14, 1905, and thereafter which refer in any wise to any proceedings by either of said corporations with reference to the subscription to the

capital stock of the plaintiff by the said defendants, or either of them, or any proceedings with reference to the same, and information as to who was present at any of such meetings and what proceedings were had and what record made thereof, and, if no record was made of such proceedings, what discussions were had, motions made or presented with reference to said subject matter at any of such meetings, and also of all proceedings as to the alleged merger of the defendant corporations, the consideration thereof, and as to the assumption by said alleged merger corporation of all debts and liabilities of said defendant corporation.

Second. The description and value, so far as ascertainable, of the property held by the defendant corporations, or either of them, in December, 1905, at the time of the aforesaid stock subscription, whether held directly by either of them or in trust for them or by any corporation of which the defendant corporations, or either of them, held the stock.

Third. What has been done with such property since then, what conveyances, if any, of the same and to whom and for what consideration and under what arrangement.

Fourth. What property in connection with the business of the defendant corporations has been purchased by them, or either of them, directly or indirectly, since December, 1905.

Fifth. What agreement or options, if any, for the purchase of additional property have been obtained or entered into by the defendant corporations, or either of them, directly or indirectly, for the purchase of additional property since December, 1905.

Sixth. Any and all correspondence, records, documents, papers, contracts, or agreements of the defendant corporations, or either of them, or of any one for them or on their behalf, either directly or indirectly, that in any manner refer to the aforesaid subscription agreement and negotiations leading up to the same, or that in any wise refer to said matter since December, 1905.

Seventh. Any and all correspondence, records, documents, papers, contracts, or agreements of the defendant corporations, or either of them, or of any one for them or in their behalf, either directly or indirectly, that in any wise refer to the purchase by the defendants, or either of them, directly or indirectly, of any and all properties or options for purchase of property or agreements to purchase since December, 1905.

Eighth. Any and all facts or circumstances that may necessarily or properly be connected with any of the above and foregoing points.

The above affidavit and notice of examination, together with the summons and subpœna, were served upon the defendant A. G. Winter. The notice was as follows:

*"Notice of Examination under 4096.*

"(Title omitted.)

"You will please take notice that A. G. Winter, one of the above named defendants in the above entitled action, will be examined otherwise than as a witness on a trial, and his deposition taken at the instance of the adverse party, to wit, the plaintiff herein, by and before Adolph Kanneberg, a court commissioner in and for Milwaukee county, in said state, at his office, 415 Camp Bldg., 82 Wisconsin street, in the city of Milwaukee, in said county, on the 3d day of June, A. D. 1910, at 9 o'clock in the forenoon of that day.

"Dated Milwaukee, Wis., May 26, A. D. 1910.

"W. A. Hayes,

"Attorney for Plaintiff."

The subpœna was addressed as follows:

*"To the defendants above named:*

*"Subpœna under 4096.*

"The State of Wisconsin,    }
Circuit Court, Milwaukee County.  } ss.

"The State of Wisconsin, to A. G. Winter, individually and also as officer of the corporations named as defendants herein."

The return of the officer shows service of the summons on the 27th day of May, 1910, in the city of Milwaukee, upon each of the defendants, namely, Marsden Company, a corporation, American Milling Company, a corporation, *American Milling Company,* a consolidated corporation, and A. G. Winter; and at the same time and place that he served the summons the officer further returned that he served upon each of the defendants the notice of examination of Winter before Adolph Kanneberg, a court commissioner in and for Milwaukee county, at his office on the 3d day of June, 1910, at 9 o'clock in the forenoon; also that he served the subpœna and tendered the legal fees for the attendance of said Winter at the time and place named in the subpœna; also at the same time and place and in the same manner he served the affidavit for examination.

Afterwards a motion was made by the *American Milling Company* on order to show cause, based upon petition of the *American Milling Company,* defendant, the affidavit of defendant Winter, and certificate of the secretary of the state of Wisconsin, praying that the court adjudge that the plaintiff is not entitled to an examination of said Winter, and that the affidavit, notice, and proceeding on the proposed examination and discovery be vacated and denied and the subpœna suppressed and the action be dismissed. The prayer of the petitioner was denied.

The defendant *American Milling Company* further moved on the papers and records in the case to limit the subject of examination of the said Winter in case the prayer of the petitioner be denied.

The order of the court, omitting the formal parts, is as follows:

"It is ordered:

"1. That the said petition of the defendant be and the same hereby is in all things denied, and the plaintiff is

hereby granted leave to pursue said examination either in behalf of an action at law or a suit in equity as it may elect, but said examination shall be limited to matters material to the framing of plaintiff's complaint, and the court reserves the right to restrict said examination when not so limited. The said examination shall commence at 11 o'clock on the 29th day of April, 1912, before the officer and at the place named in the original notice and subpœna issued herein.

"2. That the plaintiff recover ten dollars ($10), costs of this motion, the same to be paid within twenty days after service of a copy of this order upon defendants' attorneys.

"Dated this 29th day of March, 1912."

For the appellant there were briefs by *Miller, Mack & Fairchild,* and oral argument by *J. G. Hardgrove.* The affidavit was insufficient and showed the examination was not necessary for pleading. *Badger B. Mfg. Co. v. Daly,* 137 Wis. 601, 119 N. W. 328; *Ellinger v. Equitable L. A. Soc.* 138 Wis. 390, 120 N. W. 235. It showed, further, that there was no cause of action maintainable in Wisconsin and that plaintiff had no capacity to sue. *Wyman v. Kimberly-Clark Co.* 93 Wis. 554, 67 N. W. 932; *Pozorski v. Gold Range C. Corp.* 142 Wis. 595, 126 N. W. 24; *Hanna v. Kelsey R. Co.* 145 Wis. 276, 129 N. W. 1080; *Wicks v. Caruthers,* 13 Lea, 353; *Burrall v. Eames,* 5 Wis. 260; *Beltys v. M. & St. P. R. Co.* 37 Wis. 323; *Disconto Gesellschaft v. Umbreit,* 127 Wis. 651, 106 N. W. 821; *Paul v. Virginia,* 8 Wall. 177; *Madison v. Madison G. & E. L. Co.* 129 Wis. 249, 108 N. W. 65; *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900. Defendant was never legally served with notice. *Helms v. Chadbourne,* 45 Wis. 60; *Watertown v. Robinson,* 69 Wis. 230, 34 N. W. 139; *Rape v. Heaton,* 9 Wis. 328; *St. Clair v. Cox,* 106 U. S. 350, 1 Sup. Ct. 354; *Goldey v. Morning News,* 156 U. S. 518, 15 Sup. Ct. 559; *Conley v. Mathieson A. Works,* 190 U. S. 406, 23 Sup. Ct. 728; *Geer v. Mathieson A. Works,* 190 U. S. 428, 23 Sup. Ct. 807;

*Pennsylvania L. M. Ins. Co. v. Meyer,* 197 U. S. 407, 25 Sup. Ct. 483; *Remington v. Cent. Pac. R. Co.* 198 U. S. 95, 25 Sup. Ct. 577.

*Arthur H. Bartelt,* for the respondent, cited *Gratz v. Parker,* 137 Wis. 104, 106, 118 N. W. 637; *Schmidt v. Menasha W. W. Co.* 92 Wis. 529, 66 N. W. 695; *Chickering-Chase Bros. Co. v. White,* 127 Wis. 89, 106 N. W. 797; *Heckendorn v. Romadka,* 138 Wis. 416, 120 N. W. 257; *Charter Oak L. Ins. Co. v. Sawyer,* 44 Wis. 387; *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281, 97 N. W. 940; *Catlin & P. Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818; and other cases.

KERWIN, J. This case was here before on appeal by Winter from a former order dismissing a petition filed by him praying that the examination be suppressed and dismissed. The order from which Winter appealed dismissed the action as to him and it was held that he was not aggrieved by the balance of the order. *American F. P. Co. v. Winter,* 147 Wis. 464, 133 N. W. 595.

The appellant now makes several contentions for reversal which we shall consider in the order made.

1. It is first insisted that the affidavit for examination is not sufficient under sec. 4096, Stats.; that the examination should be denied and the action dismissed; and further, that the examination should have been denied for the reason that it appears that the plaintiff has all the information required in order to plead. The statute provides that, if the examination shall be taken before issue joined, the notice of taking the same shall be accompanied by an affidavit stating the general nature and object of the action, that discovery is sought to enable the party to plead and the points on which discovery is desired, and such examination shall be limited to the discovery of facts relevant to such points, unless the court or presiding judge shall before the examination is begun, by order, further limit the subjects to which it shall extend.

The statute extends the right of examination to the president and other officers named of a foreign corporation.

It is argued by appellant that when from the statement made by a party of the nature and object of his action in order to enable him to plead it appears that he has no cause of action, the examination will be denied under the doctrine laid down in *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900; *Madison v. Madison G. & E. Co.* 129 Wis. 249, 108 N. W. 65; *Schultz v. Strauss,* 127 Wis. 325, 106 N. W. 1066. The rule of these cases may be conceded to be good law, but we think it does not apply here, because it does not appear from the statement made in the affidavit of respondent of the nature and object of the action that no cause of action exists, but on the contrary we think the affidavit is sufficient.

We have set out in the statement of the case, substantially, the affidavit upon which discovery is sought in order to enable the respondent to plead, from which it appears that the cause of action is based upon a contract of subscription to the capital stock of the respondent, tender of performance by respondent, and failure to perform by appellant. Upon the face of the affidavit it does not appear that the respondent has no cause of action, unless no power to make the contract existed.

Under this head it is argued that the action cannot be maintained in this state, because respondent has not complied with sec. 1770*b,* Stats., and is not authorized to transact business nor to acquire property within this state. That the privilege accorded to foreign corporations to sue in this state rests on comity and therefore is subject to such terms as the state may impose is well established under the rule laid down in *Wyman v. Kimberly-Clark Co.* 93 Wis. 554, 67 N. W. 932; *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281, 97 N. W. 940; *Pozorski v. Gold Range C. Corp.* 142 Wis. 595, 126 N. W. 24; and *Presbyterian M. Fund v. Thomas,* 126 Wis. 281, 105 N. W.

801.   An examination of the foregoing cases will show that the actions were in contravention of the statutes and public policy of the state, therefore held not maintainable.   In the absence of legislative prohibition, foreign corporations may maintain actions in the courts of this state in certain cases without compliance with sec. 1770*b*, Stats.   *Charter Oak L. Ins. Co. v. Sawyer,* 44 Wis. 387 ; *Chicago T. & T. Co. v. Bashford, supra.*   In so far as the record now before us shows, the cause of action sued upon does not come within the prohibition of sec. 1770*b*, Stats.

Subd. 10, sec. 1770*b*, Stats. : ". . . Every contract made by or on behalf of any such foreign corporation, affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this section, shall be wholly void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

Subd. 2 of sec. 1770*b* prohibits the transaction of business or the acquiring, holding, or disposing of any property in the state by certain corporations until the statute respecting filing with the secretary of state of a copy of its charter, articles of association or incorporation, and all amendments thereto, have been complied with.   Conceding for the present, as the certificate of the secretary of state tends to show, that the respondent failed to file a copy of its charter or articles of in-. corporation as required by the statute, we find no objection to the maintenance of the present action.   Subd. 10, sec. 1770*b*, Stats. ; *Catlin & P. Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818 ; *Chickering-Chase Bros. Co. v. White,* 127 Wis. 83, 106 N. W. 797.   There is nothing in the record showing that the contract was made or to be performed in this state, or that it relates to property within this state ; and further it appears that performance had been tendered on the part of the respondent and the action brought for nonperformance by appellant.

Counsel contends that by the present action respondent is

either seeking to obtain conveyance to itself of property which the statute forbids it to acquire or hold, or for specific performance of an agreement to convey land situated outside of Wisconsin, which the courts of this state have no jurisdiction of. The affidavit does not support counsel's contention. True, it is alleged that appellant has property in Wisconsin, Illinois, Indiana, and Kentucky. But the real estate alleged to have been exchanged for respondent's stock is stated in the affidavit to be situate in Peoria, Illinois, Lindon, Indiana, and Owensboro, Kentucky. Whether an action could be maintained in this state to enforce specific performance of a contract to convey land in another state, see *Dickson v. Loehr,* 126 Wis. 641, 106 N. W. 793. But it is immaterial whether specific performance can be maintained or not. It is sufficient if some kind of an action can be maintained. The affidavit says the action is brought to enforce the promises and undertakings, or, if specific performance be impossible, to recover damages. Obviously, respondent has not yet made its election as to which remedy it will pursue.

It is further argued by counsel that there was no service of the notice of examination upon Winter as officer of the defendant. The objection is more technical than substantial. The return of the officer making the service shows a good service upon Winter as president of defendant corporations. It is perfectly clear that even if there was any irregularity in service, which does not appear, it was not prejudicial, therefore should be disregarded. *Harvey v. C. & N. W. R. Co.* 148 Wis. 391, 134 N. W. 839.

It is further urged that the service upon Winter as president was not a good service on defendant, a foreign corporation, since it is claimed he was not in the state as officer or agent of defendant corporation. As to whether Winter was in the state as officer of the corporation is a matter of dispute. But we regard it wholly immaterial whether he was at the time of service in the state on business of defendant corpora-

tion or not.   It appears from the record that the defendant had property in this state and that Winter was its president at the time of service and within the state.   That is sufficient to make a valid service upon defendant.   Subd. 13, sec. 2637, Stats. (1898).   This statute provides that service may be made upon such a foreign corporation by service upon an officer thereof, being within the state, when the corporation has property within the state or the cause of action arose therein.

It is strenuously argued by counsel for appellant that the affidavit for discovery shows that the respondent had all the information necessary in order to plead.   This contention is not based solely upon the original affidavit for discovery made by Hayes, but also upon a subsequent affidavit made by Winter, president of defendant, and petition of defendant to dismiss, which affidavit and petition upon information and belief set forth knowledge on the part of one Alfred von Cotzhausen of Milwaukee, who, it is alleged, is president of respondent, if respondent has any president, and also some other facts which appear from the whole record and papers used on the motion to dismiss and suppress the examination in connection with the original affidavit for discovery.   It also appears from the record that Mr. Hayes made a second affidavit tending to meet the allegations made in the Winter affidavit and petition of appellant.   But whether these subsequent affidavits respecting the right of the respondent to the examination are material or not we need not consider, because they do not substantially change the situation as shown by the original affidavit of Hayes.   The affidavit for discovery set out in the statement of facts, we think, shows sufficiently that the respondent was entitled to discovery upon the points therein specified.   All that the statute, sec. 4096, requires is that the general nature and object of the action be stated, and that discovery is sought in order to enable the party applying for it to plead.   The statute does not require that sufficient facts be stated to constitute a cause of action, nor is it even neces-

sary that the respondent should know that a cause of action exists. *Gratz v. Parker,* 137 Wis. 104, 106, 118 N. W. 637. Of course if the affidavit affirmatively shows that no cause of action exists, the examination will be denied. *Madison v. Madison G. & E. Co.* 129 Wis. 249, 108 N. W. 65; *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900.

It is also true that when the matters upon which discovery is sought are obviously within the knowledge of the party applying for the examination, it will be denied. *Badger B. Mfg. Co. v. Daly,* 137 Wis. 601, 119 N. W. 328. But such is not the case here. It cannot be said from the affidavit for discovery or from the whole record that the court below was wrong in refusing to suppress the examination. Ordinarily where it appears that a cause of action exists in favor of the party applying for discovery, and the facts sought to be discovered are not obviously within the knowledge of such party, and the affidavit is in compliance with the statute, the right to examination should not be denied, and the discretion of the trial court respecting such examination will not be interfered with, except in cases of clear abuse. *Badger B. Mfg. Co. v. Daly, supra; Ellinger v. Equitable L. A. Soc.* 138 Wis. 390, 120 N. W. 235.

The court below was warranted in finding upon the records presented that the minutes, proceedings, and other documents relating to the contract between the appellant and respondent were within the custody of Winter, president of the defendant; also that the information asked for was necessary on the part of the respondent to enable it to plead, namely, the liability of the *American Milling Company,* a consolidated corporation, transactions between the different corporations, defendants, respecting their liability, and the property acquired by them in pursuance of the contract, the nature of the respondent's relief, and upon other points specified in the affidavit for discovery in so far as the same shall be relevant to the controversy. The examination is at all times under the

supervision of the trial court and the witness cannot be compelled to answer questions not relevant to the controversy. We find no error in the refusal of the court to dismiss the action or suppress the examination. As before observed, the matter of examination under sec. 4096, Stats., is very largely in the discretion of the trial court and the order of the court in proceedings under this statute can only be disturbed for clear abuse of discretion.

*By the Court.*—The order appealed from is affirmed.