## In re LEWIS.

(District Court, D. Massachusetts. March 2, 1900.)

No. 48.

**1. BANKRUPTCY—PRIORITY OF CLAIMS—SHERIFF'S FEES.**

Under Bankr. Act 1898, § 64b, cl. 5, giving priority of payment out of bankrupts' estates to "debts owing to any person who, by the laws of the states or the United States, is entitled to priority," fees of a sheriff accruing on a writ of attachment, founded on a provable debt, issued before the commencement of proceedings in bankruptcy against the debtor, and continuing in force at the date of the petition, are entitled to priority of payment out of the debtor's estate in bankruptcy, where the law of the state (Pub. St. Mass. c. 157, § 104, cl. 5; Id. § 139) gives priority of payment to such fees in insolvency proceedings.

**2. SAME.**

Bankr. Act 1898, § 63a, cl. 3, providing that debts which may be proved and allowed against a bankrupt's estate shall include "a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt," does not exclude such claims from a right of priority of payment accorded to them by the laws of the particular state.

**3. SAME.**

Bankr. Act 1898, § 64b, cls. 1–3, according priority of payment to the "cost of preserving the estate subsequent to filing the petition," and the "cost of administration," relate to costs directly connected with the proceedings in bankruptcy, and do not exclude a right of priority given by the laws of the state to fees and costs accruing, though before the filing of the petition, in legal proceedings against the bankrupt not directly connected with the bankruptcy proceedings.

In Bankruptcy. On review of decision of referee in bankruptcy. The referee's certificate was as follows:

"I, Lewis G. Farmer, one of the referees of said court in bankruptcy, do hereby certify that, in the course of the proceedings in said case before me, the following question arose pertaining to the said proceedings, as follows: Whether a claim of the National Wall-Paper Company for $46.80 was entitled to priority, said claim being for sheriff's fees in an attachment on a writ in favor of said National Wall-Paper Company against the said bankrupt, the same having been incurred prior to the date of the filing of the petition in said case. The attachment was continued after the filing of the petition, and further sheriff's fees were incurred therefor, and as to those I ruled that the claim for the same was entitled to priority; but, as to costs incurred prior to the date of filing the petition, I ruled that the same were provable as an ordi-

nary debt against the estate; to which the said creditor objected, and desired a review by the judge of the order made by me thereon. No objection was made to the ruling that the costs, subsequent to the date of the filing of the petition, were entitled to priority. And the said question, to wit, as to whether the costs incurred prior to the date of filing the petition are entitled to priority, is certified to the judge for his opinion thereon.

"Lewis G. Farmer, Referee in Bankruptcy."

Carver & Blodgett, for creditor, National Wall Paper Co.

R. W. & C. F. Light, for bankrupt.

LOWELL, District Judge. The sheriff's fees in a case like this are entitled to priority in insolvency proceedings in Massachusetts, under Pub. St. c. 157, § 104, cl. 5, and Id. § 139, which read as follows:

"Sec. 104. In the order for a dividend under the preceding section, the following claims shall be entitled to priority, and to be first paid in full in their order: * * * Fifth. Legal fees, costs, and expenses of suit, and for the custody of the property proved as preferred under section 139."

"Sec. 139. When an attachment on mesne process has been made and is not dissolved before commencement of proceedings in insolvency, and when such attachment has been dissolved by bond given by the defendant, if the claim upon which the suit was commenced is proved against the estate of the debtor, the plaintiff may also prove the legal fees, costs, and expenses of the suit and of the custody of the property, and the amount thereof shall be a privileged debt."

These fees, therefore, being provable debts, under section 63a, cl. 3, are entitled to priority by section 64b, cl. 5, of the bankrupt act, unless this construction is excluded by some other provision of the act.

Section 63a, cl. 3, neither gives nor denies them priority. Debts covered by the various clauses of section 63a may or may not be entitled to priority, according to their nature and circumstances, and there is nothing in clause 3 to indicate that the debts therein described are excluded from priority, if the act elsewhere entitles them to it.

The difficulty in the way of the creditor's contention arises from section 64b, cls. 1–3, taken in connection with section 63a, cl. 3. It has been held that state laws, giving priority to wages, though included in the terms of section 64b, cl. 5, are yet ineffectual, because the whole matter of wages is dealt with and regulated by section 64b, cl. 4. In re Rouse (D. C.) 91 Fed. 514. In other words, although the laws of a state giving priority to certain debts are by section 64b, cl. 5, introduced into the scheme of the present bankrupt act, yet such state laws are so introduced only so far as the debts to which they give priority are not expressly dealt with as to priority in the bankrupt act itself. Where both a state law and the bankrupt act give priority to the same class of debts, the bankrupt act not only controls the state law in the case of absolute conflict between the two, but, by its express regulation of these priorities, excludes the state law altogether. The referee appears to have thought that section 64b, cls. 1–3, so deals with and regulates the priorities given to all costs that the creditor's costs here in issue, which were present to the consideration of the legislature, as is shown by section 63a, cl. 3. are excluded from the priority allowed

them by the state law. With considerable doubt, I have reached the opposite conclusion, and am of opinion that the provisions giving priority to certain costs in section 64b, cls. 1–3, do not so cover the whole matter of costs as to exclude the costs mentioned in section 63a, cl. 3, from the priority given them by the law of Massachusetts. The costs dealt with in section 64b, cls. 1–3, are costs directly connected with the proceedings in bankruptcy. The costs dealt with in the Massachusetts statute have no direct connection with proceedings in bankruptcy or insolvency. They are dealt with in a part of the Massachusetts insolvency act quite different from that which provides for the payment of costs and expenses in insolvency proceedings. See Pub. St. c. 157, §§ 56, 102, 140. That they should have priority does not seem intrinsically more unreasonable in bankruptcy than in insolvency. The decision of the referee is reversed, and the claim is declared entitled to priority.