## In re DANIELS.

(District Court, D. Rhode Island. September 13, 1901.)

No. 94.

1. BANKRUPTCY—DEBTS ENTITLED TO PRIORITY—STATE LAWS.

Costs incurred in an action against a bankrupt, prior to the bankruptcy, which would constitute a preferred claim, under the insolvency laws of the state, are entitled to priority against the estate in bankruptcy, under Bankr. Act 1898, § 64b (5).

2. SAME—ESTATE OF PARTNER—PREFERRED DEBT OF FIRM.

Under Bankr. Act 1898, which preserves the distinction between the estate of a partnership and the estates of its members and administers, each with reference to the prior rights of its own creditors, a provision of a state insolvency law, giving priority to a claim for costs incurred in an action against the insolvent, does not bring a claim for the costs of an action against a partnership, within section 64b (5), as a debt entitled to priority, by the laws of the state, as against the estate in bankruptcy of one of the partners, where neither the firm nor the other partner has been adjudged bankrupt; such claim being subordinate to those of the individual creditors of the bankrupt, even though there are no firm assets.

In Bankruptcy. On review of referee's decision.

John Henshaw, for petitioning creditor.

Alfred S. Johnson, for trustee.

BROWN, District Judge. The claim of Congdon & Carpenter Company, which the referee has disallowed as a claim having priority in the settlement of the individual estate of George F. Daniels, bankrupt, is for costs incurred in a suit against Daniels and one Slocum as co-partners, under the firm style of the Providence Spring Bed Company. Neither the partnership nor the other partner has been adjudged a bankrupt.

In support of the referee's ruling, the trustee contends that there is no provision in the bankruptcy law whereby costs incurred by a creditor in an action to recover a debt prior to the filing of the petition in bankruptcy can be allowed priority of payment. In re Beaver Coal Co., 5 Am. Bankr. R. 787, 107 Fed. 98; In re Allen (D. C.) 96 Fed. 512; In re Young (D. C.) 96 Fed. 606,—seem to support this contention. The decision of Judge Lowell in Re Lewis (D. C.) 99 Fed. 935, however, is to the contrary. In that case priorities for costs given by the state insolvency law were held to be recognized by the bankruptcy act. Section 64b (5).

It has been established by the circuit court of appeals for the First circuit in Re Worcester Co., 42 C. C. A. 637, 102 Fed. 808, that section 64b (5) may apply to priorities established by the insolvency laws of Massachusetts, and that the insolvency law of Massachusetts continued an operative law after the bankruptcy act went into effect; and the conclusions of Judge Lowell in Re Wright (D. C.) 95 Fed. 807, upon this point were fully affirmed. It must, therefore, be accepted as the law of this circuit that, in determining what laws of a state are in force for the purpose of fixing priorities, we may look to the insolvency laws. This being the case, it seems to me that the

general principles of the decision in Re Lewis (D. C.) 99 Fed. 935, should be followed in this circuit, whatever may be the conflict of authority upon the questions there involved.

The decision of the circuit court of appeals to the effect that the insolvency law of a state still remains a law for the purpose of fixing priorities seems to me a substantial reaffirmance of the grounds upon which Judge Lowell based his decision in Re Lewis (D. C.) 99 Fed. 935. It is said that the Rhode Island statute (chapter 422, Pub. Laws R. I.) differs from the Massachusetts statute in that it provides for priority only when a dissolution of the attachment is made by virtue of the Rhode Island law; but this is not a sound distinction, and does not avoid the effect of the decision of the circuit court of appeals in Re Worcester Co., 2 C. C. A. 637, 102 Fed. 808.

The decision of the referee, then, cannot be supported upon the broad ground that in no case can the costs which are preferred under the insolvency law of Rhode Island be entitled to priority, under section 64b (5) of the bankruptcy act. It is necessary to examine the particular character of the claim for costs in the present case. Assuming that, had costs been incurred in a suit against the bankrupt individually, and that under the insolvency laws of Rhode Island such costs were given priority, and therefore should be given priority, under section 64b (5) of the bankruptcy act, these assumptions would not lead to the conclusion that the referee's finding is erroneous. The costs were incurred in a suit against the bankrupt and one Slocum as co-partners. They must be treated as a debt or obligation of this firm, and not as an individual debt of the bankrupt. Where a member of a co-partnership is adjudged a bankrupt in his individual capacity, creditors of the firm are not entitled to receive dividends out of his individual estate until his individual creditors have been paid in full; and this rule prevails notwithstanding the fact that there are no firm assets. In re Wilcox (D. C.) 94 Fed. 84. The bankruptcy law fully recognizes the distinction between the individual estate and the co-partnership estate. Section 64b says: "The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment," etc. This clearly provides a rule of priority or order of payment out of the particular estate before the court, and cannot be construed as overriding the provisions of section 5f-h, and the rules for the application of the partnership and individual property. It would confound all distinctions between partnership and individual estates to hold that a particular firm creditor, who was given a priority over other firm creditors, should also have a like priority over individual creditors.

The construction for which the creditor contends does not seem to me warranted, in view of the explicit rule laid down in section 5. The decision of the referee, disallowing priority to this claim for costs, is affirmed.