In re GOLDBERG & BROS.

(District Court, D. Maine. April 9, 1906.)

No. 136.

BANKRUPTCY—CLAIMS ENTITLED TO PRIORITY—COSTS OF ATTACHMENT SUIT IN MAINE.

Under Bankr. Act July 1, 1898, c. 541, § 64b, cl. 5, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], giving priority to debts owing to any person, who by the laws of the state is entitled to priority, an attaching creditor, who, under the insolvency law of Maine (Rev. St. Me. c. 72, § 36), would have been entitled to priority of payment of the costs and expenses of the attachment suit incurred prior to the institution of insolvency proceedings, if it appeared that the suit "was commenced in good faith for the benefit of all the creditors," is entitled to prior payment of such costs and expenses from the estate of the debtor in bankruptcy, on a finding that the suit was commenced in good faith for the benefit of all the creditors, and actually resulted in benefit to the estate.

In Bankruptcy. On question certified by referee.

B. L. Fletcher, for creditor.
Charles A. Knight, pro se.

HALE, District Judge. Mr. Little, one of the referees of this court in bankruptcy, has certified to me a question which has arisen in the course of proceedings in the above case, as follows:

"Whether a claim of Charles Hayward & Co. for $37.20 was entitled to priority; said claim being for writ, clerk of court's fee, and sheriff's fee in attachment on writ in favor of Charles Hayward & Co. against said bankrupts, and the same having been incurred prior to the filing of petition in said case. The attachment was continued after the filing, and sheriff's fees were incurred before as well as after the filing. They were for the benefit of the estate and necessary for preserving it. On receipt of the proof of debt, which is annexed to the petition for payment in full as a priority claim, I ruled that same be payable, and same ought to be paid in full."

Section 64 of the bankrupt act provides for debts which have priority (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]). Subdivision b of said section 64 provides that:

"The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates and the order of payment shall be: * * * (5) Debts owing to any person who by the laws of the states or the United States is entitled to priority."

By Rev. St. Me. c. 72, § 36, the assignee in insolvency proceedings could prosecute to final judgment a suit commenced by creditor within

four months prior to commencement of insolvency proceedings, and could in his own name levy upon and sell the property attached in such suit, in the same manner as the creditor might have done had no insolvency proceedings been commenced. That section further provides as follows:

"And such attachment and the proceeds of the property so attached shall be held for the benefit of the estate of such insolvent; and when such attachment is made in good faith, the creditor shall be paid out of the estate the costs and expenses arising from such suit and attachment, and the safekeeping or sale of the property so seized and attached, and the expenses of any levy made upon the same, incurred prior to the appearance of such assignee in such suit; and such creditor may prove his debt or claim upon which such suit is brought in the same manner as if a suit had not been commenced. If the assignee elects not to appear and prosecute such suit and if it appears to the court that it was commenced in good faith for the benefit of all the creditors, it shall order said costs and expenses incurred prior to the assignment of the estate to the assignee, to be paid out of the estate."

Section 42 of said chapter 72 of the Revised Statutes of Maine provides that in making a dividend in insolvency the following claims shall be first paid in full in their order:

"(2) The fees, costs and expenses of suits and proceedings in insolvency."

The costs and expenses referred to in the two sections of the Revised Statutes, which I have cited, are debts entitled to priority by section 64b, cl. 5, of the bankrupt act, to which I have referred, unless this construction is excluded by some other provision of the act. It has been urged that section 64b, cls. 1 to 3, so regulates the priorities given to all costs that such costs as are now before me are excluded from the priority allowed them by the state law and are intended by Congress to be proved under 63a, cl. 3. 30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p. 3447].

In the case of In re Lewis (D. C.) 99 Fed. 935, Judge Lowell says:

"I am of opinion that the provisions giving priority to certain costs in section 64b, clauses 1 to 3, do not so cover the whole matter of costs as to exclude the costs mentioned in section 63a, clause 3, from the priority given them by the law of Massachusetts. The costs dealt with in section 64b, clauses 1 to 3, are costs directly connected with the proceedings in bankruptcy. The costs dealt with in the Massachusetts statute have no direct connection with proceedings in bankruptcy or insolvency. They are dealt with in a part of the Massachusetts insolvency act quite different from that which provides for the payment of costs and expenses in insolvency proceedings. That they should have priority does not seem intrinsically more unreasonable in bankruptcy than in insolvency."

The language of the statute of Maine, which I have quoted in full, is different from the language of the Massachusetts statute; but the clear intention of the Maine statute is that such costs shall be paid out of the estate, if it appears to the court that the suit was commenced in good faith for the benefit of all the creditors. The intention of the Maine Legislature was to pay such costs in full out of the estate, providing the estate had received an actual benefit by incurring such costs, just as it is the intention of Congress to pay the actual and necessary cost of preserving an estate subsequent to filing

a petition in bankruptcy. Courts in other circuits have disallowed such claims; but these disallowances have been based generally, so far as I can find, upon the fact that the statutes of the states, where the question arose, did not provide for their allowance in terms so specific as the statutes of Massachusetts provided.

In the state of Maine the statute, although different from the statute of Massachusetts, provides distinctly for the payment of such costs out of the estate; and this statute shows the intention of the Legislature of Maine to create a priority, just as distinctly as do the statutes of Massachusetts.

In the case at bar I think the referee was justified in ordering the payment of the costs. Such costs, however, should be paid only whenever it appears distinctly and affirmatively that the suit was commenced in good faith for the benefit of all the creditors; and in coming to a conclusion as to whether the suit was for the benefit of all the creditors, before allowing such payment, the referee should find affirmatively that the costs incurred actually resulted in benefit to the estate. This view of the matter is consistent with the spirit and intention of Congress in passing the amendment of 1903 to section 64b, cl. 2. This paragraph gives priority to the filing fees paid by creditors in involuntary cases. The amendment adds to that paragraph the following words:

"And where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the expense of one or more creditors, the reasonable expenses of such recovery." .

The amendment, therefore, indicates the purpose of Congress to extend the priority of this section 64 only to cases where there has been a distinct benefit to the estate by the recovery of property.

It seems clear to me, also, that the State Legislature in using the words "for the benefit of all the creditors" had in mind a "benefit" not intrinsically different from that which Congress intended in providing in section 64b, cl. 1, for the payment of actual and necessary cost of preserving the estate.

The decision of the referee in reference to the payment of the costs and expenses in this case is affirmed, and the claim is declared entitled to priority.