### In re IROQUOIS MACH. CO. .

### In re TEXTILE FINISHING MACHINERY CO.

#### (District Court, D. Rhode Island.   January 7, 1909.)

#### No. 743.

**BANKRUPTCY (§ 347\*)—CLAIMS—PRIORITY—COSTS ON DISSOLVED ATTACHMENT.**

Bankr. Act July 1, 1898, c. 541, § 64b (5), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3448), provides that debts owing to any person who by the laws of the states is entitled to priority shall be entitled to priority in bankruptcy. Pub. Laws 1902, R. I., p. 61, c. 984, § 4, declares that every common-law assignment shall be effectual to dissolve any attachment placed on the property not more than four months prior to the making of an assignment, and the costs of the attachment, levy, or lien shall be a preferred claim against the assigned estate as part of the costs of administering the trust. *Held* that, where an attachment under the state law is dissolved by the institution of bankruptcy proceedings, the attaching creditor is entitled to the costs of the attachment as a preferred claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 538; Dec. Dig. § 347.\*]

In Bankruptcy.

William R. Tillinghast, for petitioner.
William H. Thornley, for trustee.

BROWN, District Judge.   The referee certifies the question whether costs which accrued under an attachment which was dissolved by the adjudication in bankruptcy are entitled to priority.

In the case of In re Daniels (decided by this court Sept. 13, 1901) 110 Fed. 745, it was held that priorities for costs given by the state insolvency laws were recognized by section 64b (5) of the bankruptcy act:

"Debts owing to any person who by the laws of the states or the United States is entitled to priority.   *  *  *"   Act July 1, 1898, c. 541, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3448).

No contention is made that the costs of an attachment up to the date of adjudication may not be proved against the estate. The only question is as to priority.

Since the decision of In re Daniels the state insolvency act then in force was repealed under the provisions of the Rhode Island Court and Practice Act. These costs accrued during a period when there

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was in force in Rhode Island no general insolvency law. Subsequently to the decision of In re Daniels the General Assembly of the state of Rhode Island enacted on April 3, 1902, an act regulating assignments at common law for the benefit of creditors (chapter 984, p. 61, Public Laws of Rhode Island). By section 4 of this act it was provided:

"Every assignment at common law for the benefit of creditors shall be effectual to dissolve any attachment, levy, or lien placed upon the property of the assignor not more than four months prior to the making of such assignment, and the costs in full of such attachment, levy, or lien shall constitute a preferred claim against the assigned estate as part of the costs of administering the trust."

It may be noted that quite recently the general insolvency law of the state of Rhode Island has been re-enacted, so that all cases arising under the present state of the law would be governed by the decision of In re Daniels.

In the case of In re Worcester County, 102 Fed. 808, 42 C. C. A. 637, Judge Putnam, in delivering the opinion of the court for the Circuit Court of Appeals, remarked:

"We are unable to conceive of any priority to which any one may be entitled by the laws of a state under section 64 of the bankruptcy act, unless it be a priority created by insolvent laws of that character. It is true that priorities are often created by state statutes relating to the administration of estates of deceased persons, and also to proceedings for winding up corporations; but such laws are not of that general character which can be supposed to be within the purview of the provision of the bankruptcy act which is concerned here. Of course, statutes touching assignments for the benefit of creditors must be classed with insolvency laws, strictly so called."

This remark of Judge Putnam is criticised as dictum, and Mayer et al. v. Hellman, 91 U. S. 496–502, 23 L. Ed. 377, is cited to the point that a statute regulating assignments for the benefit of creditors is not an insolvency law. This decision, however, I do not regard as in conflict with the view of Judge Putnam that, in determining the application of section 64b (5) of the bankruptcy act, statutes touching assignments and insolvency laws, strictly so called, would stand upon substantially the same ground. Section 64b (5) is not confined to priorities created by insolvency laws. It expresses the general intent of Congress to follow the policy of the state as expressed by its laws on the subject of priority.

It seems to be very clear that it has been for many years the clearly defined policy of the state of Rhode Island, as expressed in its former and present general insolvency laws, as well as in the act regulating general assignments, that, whenever for the benefit of the general creditors an attachment is dissolved, the costs justly accruing prior to the moment of dissolution should be regarded as a charge upon the funds.

In pursuing a legal remedy by attachment in the state of Rhode Island, creditors have well understood that this remedy was subject to defeat only by statutory provisions for the distribution of the attached property among the creditors, with the invariable incident of compensation to the attaching creditor for his accrued costs. What-

ever differences there may be between the provisions of a general insolvency law and an act regulating assignments at common law in respect to the discharge of the debtor, etc., yet there is a substantial resemblance between the provisions of the general insolvency law of the state and the law touching general assignments in respect to the rights of creditors whose attachments are dissolved in favor of the general body of creditors.

It is evident that Judge Putnam had clearly in mind the difference between the assignment laws and the insolvency laws when he said in effect that they must be classed with insolvency laws in giving effect to section 64b (5) of the bankruptcy act. It is true that in the present case there had been no assignment for the benefit of creditors, but the recognition by the United States court of priorities under the laws of the state is not dependent upon acts of the parties under state laws, but rather upon the existence of statutes clearly defining the policy of the state under circumstances similar to those arising under the bankruptcy administration.

While the question is not free from difficulty, the difficulty is perhaps not different from that which arose upon the original question decided by this court in the case of In re Daniels. There the insolvency law of the state was suspended in its operation upon the actual case before the court, but it stood upon the statute book as a law operative upon cases not within the bankruptcy act. The general terms of section 64b (5) were applied to the case before the court by reference to a law of the state suspended in its application to the particular case brought within the jurisdiction of the bankruptcy court, but existing as the declared policy of the state as to the rights of an attaching creditor upon the dissolution of his attachment, having the force of operative law, however, only in those cases still left within the jurisdiction of the state court.

I am further of the opinion that upon a question of doubt we should lean to that construction which is in accordance with clearly declared local policy, especially when such construction is equitable in result. It seems to be the policy of the bankruptcy act to recognize both exemptions and priorities created by the state law, though this leads to some diversity in the administration of the bankruptcy act in various jurisdictions. Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018.

The decision of the referee is affirmed.