## In re AMORATIS.

### (Circuit Court of Appeals, Ninth Circuit. May 2, 1910.)

### No. 1,778.

BANKRUPTCY (§ 350*)—DEBTS ENTITLED TO PRIORITY UNDER LAWS OF STATE—COSTS OF ATTACHMENT SUIT.

Under section 69 of the insolvency act of California of March 26, 1895 (St. 1895, c. 143), which provides that the legal costs and disbursements of an attachment suit against an insolvent incurred prior to the insolvency proceedings may be proved in such proceedings and shall be a preferred debt, such costs, incurred in good faith in an action against a bankrupt before the bankruptcy, and provable against the estate under Bankr. Act July 1, 1898, c. 541, § 63 (3), 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447),

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

are entitled to priority of payment, under section 64b (5), as a debt given priority by the laws of the state.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 350.*]

Petition for Revision of Order of the District Court of the United States for the Northern District of California.

In the matter of James Amoratis, bankrupt. On petition to revise order denying priority to claim of Rauer's Law & Collection Company. Order reversed.

Fabius T. Finch, for petitioner.

James H. Boyer, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This is a petition for revision under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), of an order of the District Court of the Northern District of California, affirming an order made by the referee in the matter of disallowing the right of priority of payment to the present petitioner of costs incurred in an attachment suit brought by it against the bankrupt, all of which costs were expended prior to the filing of the petition in bankruptcy. Prior to the filing of that petition the present petitioner filed a suit in the superior court of the state of California in and for the city and county of San Francisco against Amoratis, and caused an attachment to be levied upon his property. The costs actually and necessarily expended in that suit amounted to $67.60, which the present petitioner claims to be a preferred debt against the bankrupt's estate.

Among the debts which may be proved against the estate of a bankrupt under and by virtue of section 63 (3) of the bankruptcy act is "a claim for taxable costs incurred in good faith by a creditor before the filing of the petition, in an action to recover a provable debt." In the present case the referee found that the petitioner commenced its action against the bankrupt in good faith; that at the time the attachment was levied, and the sheriff's keeper put in charge, the bankrupt had abandoned the premises and strangers were stealing property therefrom; and that "the levying of the attachment and the putting of the sheriff's keeper in charge had the effect of preserving intact the assets of said bankrupt, and the general creditors of Amoratis in the bankruptcy proceedings were benefited by the levying of said writ of attachment."

It is plain, therefore, that, by virtue of section 63 of the act above referred to, the costs actually and necessarily expended by the petitioner in its attachment suit against Amoratis were properly provable against the estate of the latter. Whether they were entitled to priority, in view of subdivision 5 of section 64b of the bankruptcy act, which provides that among the debts entitled to priority are "(5) debts owing to any person who, by the laws of the states or the United States, is entitled to priority," depends upon whether under the insolvency law of California the petitioner would be entitled to such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

priority. Section 69 of the insolvency act of that state, approved March 26, 1895 (St. 1895, p. 153), is as follows:

"When an attachment has been made and is not dissolved before the commencement of proceedings in insolvency, or is dissolved by an undertaking given by the defendant, if the claim upon which the attachment suit was commenced is proved against the estate of the debtor, the plaintiff may prove the legal costs and disbursements of the suit and of the keeping of the property, and the amount thereof shall be a preferred debt."

The record in the present proceeding shows that the claim upon which the petitioner brought its attachment suit in the state court was provable and was proved against the estate of the bankrupt. It could not have been so proved, had it not been shown that the costs were incurred by the petitioner in good faith. In like circumstances they would have been provable and entitled to priority in insolvency proceedings under the California statute cited. The fact that under that statute a claim for such costs is entitled to priority, even though the proceedings by the attaching creditor were prompted by the desire to secure a preference, does not, in our opinion, deprive the attaching creditor, whose good faith brings him within the provisions of the bankruptcy act, as well as of the state insolvency act, of priority for such costs necessarily expended. As said by the court in Re Iroquois Mach. Co. (D. C.) 166 Fed. 629, 631:

"It seems to be the policy of the bankruptcy act to recognize both exceptions and priorities created by the state law, though this leads to some diversity in the administration of the bankruptcy act in various jurisdictions. Holden v. Stratton, 198 U. S. 202 [25 Sup. Ct. 656, 49 L. Ed. 1018]."

See, also, In re Daniels (D. C.) 110 Fed. 745; In re Worcester County, 102 Fed. 808, 42 C. C. A. 637; In re Goldberg Bros. (D. C.) 144 Fed. 566.

The judgment of the District Court and of the referee is reversed, with directions that the claim in question be paid as a debt against the bankrupt's estate entitled to priority.