In re NICHOLSON.

(District Court, D. Rhode Island. July 9, 1926.)

No. 2367.

Bankruptcy ⊂⊃347.

Costs of an attachment, dissolved by the bankruptcy, are entitled to priority, where given by the state law (Bankruptcy Act, § 64b [5], being Comp. St. § 9648).

In Bankruptcy. In the matter of Isaac C. Nicholson, doing business as the Excelsior Manufacturing Company, bankrupt. On review of order of referee. Modified.

Chas. W. Littlefield, of Providence, R. I., for bankrupt.

Leon Semonoff, of Providence, R. I., for reclamation petitioner.

BROWN, District Judge. This is a petition to review the referee's order disallowing priority of certain costs of an attachment dissolved by a voluntary petition in bankruptcy.

The referee allowed the claim as an unsecured claim and the question before us is whether the claim should have been allowed as a claim entitled to priority under section 64b (5), being Comp. St. § 9648.

This question was before this court in Re Daniels, 110 F. 745, and in Re Iroquois Machine Co., 166 F. 629, cited by the Circuit Court of Appeals of the Ninth Circuit in Re Amoratis, 178 F. 919, 102 C. C. A. 297. These decisions are in accordance with In re Lewis (D. C.) 99 F. 935, in the District of Massachusetts.

In Collier on Bankruptcy (13th Ed.) p. 1483, it is said:

"In the ultimate analysis, the question turns solely on what the state law is."

It is not disputed that the claim is in accordance with the state law of Rhode Island, nor is it contended that it exceeds the amount which would have been allowed in the state court upon judgment. The claim is supported by the fact that the sum has been actually paid to the sheriff, and the petitioner is seeking merely reimbursement.

The order of the referee will be amended, so as to include, not only an allowance of the claim, but an allowance of priority.