---

### In re CROW.

(District Court, W. D. Kentucky, Owensboro Division. March 22, 1902.)

1. BANKRUPTCY—DEBTS ENTITLED TO PRIORITY—DEBTS AS GUARDIAN UNDER KENTUCKY STATUTE.

By virtue of Bankr. Act 1898, § 64b, cl. 5, which gives priority to "debts owing to any person who by the laws of the states or the United States is entitled to priority," and the statutes of Kentucky, which provide that in the distribution of insolvent estates, whether on a voluntary or involuntary assignment or the death of the insolvent, debts due as guardian shall be paid in full before any payment shall be made to general creditors, an amount found due from a guardian to his ward on a settlement of his accounts in a probate court of Kentucky is entitled to priority of payment from the estate of the guardian in bankruptcy.

In Bankruptcy. On review of order of referee giving priority to claim.

The following is the opinion of Referee Dean:

On the 8th day of August, 1901, the bankrupt made a deed of assignment of all his property for the benefit of his creditors. On the 5th day of August, 1901, three days before the deed of assignment, he made a settlement with the Ohio county court of his accounts as guardian of May Crow, an infant; and this settlement shows him indebted to his said ward, on account of her estate coming to his hands as guardian, in the sum of $1,321.42. On the 25th day of September, 1901, certain of the creditors of the bankrupt filed their petition in this court seeking to have him adjudged a bankrupt, and he was so adjudged on the 4th day of November, 1901, and the matter referred to the undersigned referee. On the 2d day of December, 1901, one A. G. Holbrook filed a claim against the estate of the bankrupt for the said sum found due on said settlement from the bankrupt as guardian to the said May Crow; the said Holbrook setting out in the proof of said

claim that he had been appointed guardian of the said infant in lieu of the said bankrupt. With said claim is filed a certified copy of the said settlement with the Ohio county court. It sufficiently appears from the proof of the said claim that the bankrupt is indebted to his said former ward, as her guardian, in the said sum, and that no part of same has been paid. Without expressly claiming priority of payment in said claim, the said present guardian is asking this court to order his said claim paid, as a prior claim, under provisions of the statutes of Kentucky making said claims prior in the distribution of insolvent estates. To this the trustee, as well as other creditors, object, and have filed exceptions to the allowance of the said claim as a prior claim, and the matter has been submitted to the referee to pass upon that question, after argument of counsel representing both sides.

If said claim is entitled to priority, it is by virtue of clause 5, par. "b," § 64, of the bankruptcy law, which provides that debts shall have priority which are owing to any person who by the laws of the states or the United States is entitled to priority. By the statute laws of the state of Kentucky, in all cases of distribution of insolvent estates debts due by the insolvent as guardian are given priority over claims of general creditors. There are only three states of case in which it can be conceived that the law could direct the distribution of insolvent estates, and these are in cases of voluntary assignment for benefit of creditors, involuntary assignment for benefit of creditors, and death; and in all these states of case the laws of the state direct the payment of such claims as this as prior claims. In the case of voluntary assignments the provision is as follows: "* * * Debts due by the assignor as guardian, committee, trustee of an express trust created by deed or will, or as personal representative, shall be paid in full before the general creditors receive anything." Ky. St. § 74. In case of involuntary assignments the provision is as follows: "In the distribution of the assets of any debtor, after the payment of the costs and expenses of the suit, the debts due as guardian, personal representative and as trustee, if the trust be created by deed or will duly recorded in the proper clerk's office, shall have priority over debts due general creditors. * * *" Id. § 1916. In the case of the distribution of insolvent estates of deceased persons the provision is as follows: "If the personal estate of a deceased person be not sufficient to pay his liabilities, then the burial expenses of such decedent, and the costs and charges of the administration of his estate, and the amount of the estate of a dead person, or of a ward or of a person of unsound mind committed by a court of record to, and remaining in the hands of, a decedent, shall be paid in full before any pro rata distribution shall be made." Id. § 3868.

It is contended by counsel for the trustee that provisions of statutes of a state for the distribution of the estate of insolvents have no application to the distribution of estates in bankruptcy under the federal bankruptcy law, because that would be to give effect to such statutes, which are suspended by the bankruptcy law, and would defeat one of the main objects of the bankruptcy law,—equality and uniformity in the distribution of insolvent estates. There is much force in the contention, and the wisdom of the law in giving validity and effect to provisions of state statutes securing priorities and liens not based upon contract may well be doubted, but with the wisdom of the law courts have nothing to do. As an undecided question, it might well be doubted whether it be the intention of congress, by clause 5 of section 64b, to give effect to provisions in state insolvency laws, when the very object and purpose of the bankruptcy law is to supersede state insolvency laws, and the referee would be inclined to hold in the negative; but federal courts of high authority have decided in the affirmative. In the case of In re Wright, 2 Am. Bankr. R. 592, 95 Fed. 807, the district court of Massachusetts decided that, although by the bankruptcy act of 1898 the operation of a state insolvency law is suspended, it still remains the law of the state, and if, by its terms, priority of payment of certain claims is allowed, such claims will have priority of payment in bankruptcy proceedings in that state under Bankr. Act, § 64b, cl. 5. This case went to the United States circuit court of appeals for the First circuit, and was affirmed.

Reported in 4 Am. Bankr. R. 496, 42 C. C. A. 637, 102 Fed. 808, under the style of "In re Worcester County." The same principle is recognized, if not directly decided, in Re Rouse, Hazard & Co., 1 Am. Bankr. R. 234, 33 C. C. A. 356, 91 Fed. 96; Re Mussey, 3 Am. Bankr. R. 592, 99 Fed. 71; and Re Coe, 6 Am. Bankr. R. 1, 48 C. C. A. 538, 109 Fed. 550. That the claim in question is a debt due from a guardian to his ward, within the meaning of the Kentucky statutes, is thoroughly settled by numerous decisions of the courts of Kentucky, as may be seen by reference to the following cases, viz: Grimes v. Grimes, 86 Ky. 511, 6 S. W. 333; Roberts v. Phillips, 11 Bush, 11; McKee v. Scobee, 80 Ky. 124; Hampton v. Morris, 2 Metc. 336; Roach v. Ames, 80 Ky. 6.

The exceptions to the claim of A. G. Holbrook as guardian of May Crow will be overruled, and said claim will be allowed as a prior claim, to be paid in the order of priority directed in section 64 of the bankruptcy act of 1898.

John J. McHenry and Powers & Anderson, for trustee.
Miller & Todd and H. M. Haskins, for claimant.

EVANS, District Judge. It seems to me that the order made by the referee in the above matter was proper. I am of opinion, first, that the debt is not one as to which any "security" for payment was ever given by the bankrupt, within the meaning of the act, and there is no need to describe "securities" which do not exist. The claim is one to which priority of payment is given, if at all, by the law itself, not on account of "securities" given, but because of its nature and origin. And, second, I am of opinion that the bankrupt law does not in such cases supersede or mean to supersede the operation of the state law. On the contrary, the bankrupt act expressly recognizes the existence of the state statute, and makes that statute the basis for allowing priority of payment to certain classes of claims against the debtor. Its effect is, in the most manifest way, to keep alive such provisions of the state law as give priority of payment; and while the bankrupt law, speaking generally, does by its operations supersede the force of any state laws which conflict with it, the case before us presents an exception to this general rule, whereby the applicable provisions of the state law are expressly enforced through the bankruptcy act itself.

The petition for review is dismissed, and the orders of the referee upon the subject approved.