## KENTUCKY FINANCE CORPORATION *v.* PARAMOUNT AUTO EXCHANGE CORPORATION.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 17. Argued October 5, 1922.—Decided June 11, 1923.

1. A corporation which goes into a State other than that of its creation for the lawful purpose of repossessing itself, by a permissible action in her courts, of specific personal property unlawfully taken out of its possession elsewhere and fraudulently carried into that State, is a person within the jurisdiction of that State, within the meaning of the Fourteenth Amendment, for all the purposes of that undertaking, and entitled to the equal protection of the laws. P. 549.

2. As applied to such a case, a statute under which the foreign corporation, not domesticated or doing business in the State, or having property there other than that so sought to be recovered, may be compelled, as a condition to the maintenance of its action, to send its officer, with its papers and books bearing on the matter in controversy, from its domicile to the State where the action is brought, in order to submit to an adversary examination before answer, but which does not subject non-resident individuals to such

examination, except when served with notice and subpoena within the State, and then only in the county where service is had, and which limits such examinations, in the case of residents of the State, individual or corporate, to the county of their residence, violates the Equal Protection Clause. *Id.*

171 Wis. 586, reversed.

ERROR to a judgment of the Supreme Court of Wisconsin, sustaining two orders, one for examination of the plaintiff before answer, and the second striking out its complaint and dismissing its action for failure to comply with the first.

*Mr. Albert K. Stebbins,* with whom *Mr. Jackson B. Kemper* was on the brief, for plaintiff in error.

*Mr. Walter H. Bender* for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

The plaintiff in error, a Kentucky corporation, brought an action of replevin in a state court at Milwaukee, Wisconsin, against the defendant in error, a Wisconsin corporation, to recover an automobile,—the right of recovery asserted in the complaint being put on the ground that the plaintiff was the owner and entitled to the possession of the automobile, that one Allen had unlawfully taken it from the plaintiff's possession at Louisville, Kentucky, had fraudulently removed it to Milwaukee and had there wrongfully delivered it to the defendant and that the defendant was unjustly withholding it from the plaintiff under some groundless claim derived from Allen. The defendant appeared and obtained from the court an order requiring the plaintiff's secretary, who resided at Louisville and was in the plaintiff's service there, to appear in Milwaukee at a fixed time before a designated court commissioner, to bring with him all papers, files and records of the plaintiff which were under his control and relevant

to the controversy, and then and there to submit to an
examination by the defendant. The order was sought
and granted on the ground that the examination would
better enable the defendant to plead to the complaint,
which as yet it had not done. The plaintiff was not en-
gaged in any business in Wisconsin, nor had it complied
with the law of that State prescribing conditions on which
it might do so. It had no property in the State other
than the automobile and it had gone into the State only
for the purpose of instituting and prosecuting the action
to repossess itself of that vehicle. Its secretary was not
within the State; nor did it have any representative there
other than the attorneys who were prosecuting the action
in its behalf. For itself and its secretary it consented that
such an examination as was sought might be had at
Louisville at any time, and before any officer, the court
might designate, but it objected to any order requiring
that the examination be had in Milwaukee. The objec-
tion was overruled and the court put in the order a direc-
tion that the defendant tender to the plaintiff for its
secretary the railroad fare from the southern boundary of
Wisconsin to Milwaukee and return, being $4.74, and one
day's witness fee, being $1.50. The tender was made and
declined and the secretary, with the plaintiff's approval,
refused to comply with the order. Because of this the
court, on the defendant's motion and over the plaintiff's
objection, made a further order striking the plaintiff's
complaint from the files and dismissing its cause of action
with costs. On appeal to the Supreme Court of the State
both orders were sustained over the plaintiff's contention
that they and the statute under which they were made
violate the due process and equal protection clauses of
the Fourteenth Amendment. ·171 Wis. 586. To obtain a
review of the judgment of the Supreme Court the case
was brought here on writ of error under § 237 of the Judi-
cial Code.

The statutory provisions whose validity is questioned are parts of a procedural measure, embodied in the 1917 edition [1] of the Wisconsin Statutes, abrogating prior modes of obtaining a discovery under oath and providing for an adversary examination of a " party, his or its assignor, officer, agent, or employe, or of the person who was such officer, agent, or employe, at the time of the occurrence " involved,—the examination to be had at any time after the case is begun and to take the form of a deposition " upon oral interrogatories " and be transmitted to the court like other depositions. The provisions in question are subdivision 7 of § 4096 and subdivision 2 of § 4097, which read as follows:

" In case a foreign corporation is a party, the examination of its president, secretary, other principal officer, assignor or agent or employe, or the person who was such, or either of them, at the time of the occurrence of the facts made the subject of the examination, may be had under the provisions of this section in any county of this state. The court may also, upon motion and such terms as may be just, fix a time and place in this state for such examination of any of said persons. Such persons so sought to be examined as aforesaid shall attend at such time and place and submit to the examination, and then and there have with him all papers, books, files, records, things, and matters in the possession of such person by reason of his relation to such corporation, relevant to the controversy. Such person sought to be examined as aforesaid shall attend at such time and place and submit to the examination, and, if required, attend for the purpose of reading and signing such deposition, without service of subpoena."

[1] After the proceedings in the Milwaukee court some changes were made in this procedural measure, but the changes do not affect the orders in question.

"If any officer, agent, or employe, or any person who was such officer, agent or employe of a foreign corporation, at the time of the occurrence of the facts made the subject of the examination, be lawfully required to appear and testify, as provided in this chapter, either within or without the state, shall neglect or refuse so to do; or, if such person, when lawfully required, shall refuse and neglect to have with him any papers, books, files, records, things, and matters in the possession of such party relevant to the controversy, such party may be punished as for a contempt and in the discretion of the court, the pleading of such foreign corporation stricken out, and judgment given against it as upon default or failure of proof."

When the order for the examination was made other parts of the statute, applicable to all suitors other than foreign corporations, provided, notably subdivisions 3 and 6 of § 4096, that where the party against whom the examination was sought was a resident of the State the examination could be had only in the county of his residence, and where the party was a non-resident the examination could be had in the State only if he could be personally served therein with notice and subpoena and then only in the county where such service was had. In *George* v. *Bode,* 170 Wis. 411, the Supreme Court of the State held that an examination within the State could not be ordered against a party, other than a foreign corporation, residing outside and on whom personal service could not be had therein, the court saying in that connection: "The examination may be taken in this State *if* he can be personally served with notice and subpoena; the inevitable inference is that it is only if he can be so served that he can be so examined. If the provisions of sub. 3 meant that the court might fix a time and place for his examination within this State regardless of the personal service of notice and subpoena, then the pro-

visions of sub. 6 regarding nonresidents would be wholly unnecessary. These considerations move us to construe the statute as not empowering the court to order the examination of a nonresident to take place within this State when he cannot be personally served with notice and subpoena."

By subdivision 7 of § 4096, before quoted, an exception was made as to foreign corporations whereby examinations within the State might be ordered and compelled against them regardless of their non-residence and of any inability to obtain service on them in the State. Thus they were subjected to a rule much more onerous than that applicable to non-resident individuals in like situations and also more onerous than that applicable to resident suitors, whether individuals or corporations. The Supreme Court justified this difference in legislative treatment and also the order for an examination in this case on the ground that they amounted to no more than a reasonable exercise of the authority of the State over a non-resident corporation coming voluntarily into the State to seek a remedy in her courts against a resident defendant.

We take a different view of the matter. According to the sworn complaint, to the allegations of which due regard must be had, the automobile belonged to the plaintiff. It had been unlawfully taken from the plaintiff's possession in Kentucky and put in the defendant's possession in Wisconsin. It did not get into the latter State through any act of the plaintiff; nor did the acts by which it got there make it any the less the plaintiff's property. Only by going into that State and there instituting an action of replevin against the wrongful possessor could the plaintiff repossess itself of its property. Unless it took that course its property would be lost. The state court whose aid it invoked was one whose jurisdiction was general and adequate for the purpose. In the cir-

cumstances, the right to bring the action was plain. See *Charter Oak Life Insurance Co.* v. *Sawyer,* 44 Wis. 387; *Chicago Title & Trust Co.* v. *Bashford,* 120 Wis. 281; *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197. To have denied that right would in effect have deprived the plaintiff of its property and have been an intolerable injustice. That the plaintiff owed its corporate existence to Kentucky did not enable Wisconsin to treat its plight with indifference. It was a " person " within the meaning of both the due process clause and the equal protection clause of the Fourteenth Amendment. *Santa Clara County* v. *Southern Pacific R. R. Co.,* 118 U. S. 394, 396; *Covington & Lexington Turnpike Co.* v. *Sandford,* 164 U. S. 578, 592; *Smyth* v. *Ames,* 169 U. S. 466, 522; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Vosburg,* 238 U. S. 56. The latter clause declares that no State shall " deny to any person within its jurisdiction the equal protection of the laws ", meaning, of course, the protection of laws applying equally to all in the same situation. The words " within its jurisdiction " are comprehensive, but we have no need for attempting a full definition of them here. It is enough to say that, when the plaintiff went into Wisconsin, as it did, for the obviously lawful purpose of repossessing itself, by a permissible action in her courts, of specific personal property unlawfully taken out of its possession elsewhere and fraudulently carried into that State, it was, in our opinion, within her jurisdiction for all the purposes of that undertaking. See *Southern Ry. Co.* v. *Greene,* 216 U. S. 400; *Blake* v. *McClung,* 172 U. S. 239. And we think there is no tenable ground for regarding it as any less entitled to the equal protection of the laws in that State than an individual would have been in the same circumstances; for, as was held in *Gulf, Colorado & Santa Fe Ry. Co.* v. *Ellis,* 165 U. S. 150, 154, " a State has no more power to deny to corporations the equal protection of the law than it has to individual citizens."

No doubt a corporation of one State seeking relief in the courts of another must conform to the prevailing modes of proceeding in those courts and submit to reasonable rules respecting the payment of costs or giving security therefor and the like (see *Canadian Northern Ry. Co.* v. *Eggen,* 252 U. S. 553, 561); but it cannot be subjected, merely because it is such a corporation, to onerous requirements having no reasonable support in that fact and not laid on other suitors in like situations. Here the statute authorized the imposition, and there was imposed, on the plaintiff a highly burdensome requirement because of its corporate origin,—a requirement which under the statute could not be laid on an individual suitor in the same situation. The discrimination was essentially arbitrary. There could be no reason for requiring a corporate resident of Louisville to send its secretary, papers, files and books to Milwaukee for the purposes of an adversary examination that would not apply equally to an individual resident of Louisville in a like case. The discrimination is further illustrated by the provision that as to all residents of Wisconsin, individual and corporate, the examination should be had in the county of their residence, no matter what its distance from the place of suit.

We hold that the statute as it was applied in this case was invalid, and the orders made under it were erroneous, as denying to the plaintiff the equal protection of the laws. This conclusion renders it unnecessary to consider the contention made under the due process clause.

*Judgment reversed.*

MR. JUSTICE BRANDEIS, dissenting, with whom MR. JUSTICE HOLMES concurs.

To sustain the contention that the statute violates the due process clause, it would be necessary to hold that under no conceivable circumstances could the trial court

have reasonably required the non-resident plaintiff who invoked its process to submit within the State to examination as a witness and to an inspection of relevant books and papers. If the order for examination was legal it was proper to dismiss the suit in case the order was disobeyed. That there may be cases in which oral examination of a plaintiff in the presence of defendant and by counsel familiar with the matter in issue is essential to an adequate presentation of the facts cannot be doubted. If so, it is within the power of a State to require that a plaintiff shall submit to such preliminary examination somewhere. Whether this was a case requiring such examination could be determined properly only upon hearing the parties; and for such hearing opportunity was given by the judge of the trial court. If this was a case in which oral examination and inspection of the documents was essential to an adequate presentation of the matter in controversy, it was necessary, in order to secure it, that either the plaintiff's secretary should go to Milwaukee for examination, or that defendant and counsel should go to Louisville. Whether, under such circumstances, the plaintiff should in fairness be required to come to the place where it instituted suit or the defendants be obliged to go with counsel to the plaintiff's place of residence, was, likewise, a matter which could properly be determined only upon hearing the parties; and this opportunity was given by the judge of the trial court. It cannot be that the due process clause of the Fourteenth Amendment deprives a State of the power to authorize its courts to so mould their process as to secure, in this way, the adequate presentation of a case.

To sustain the contention that the statute denies to plaintiff equal protection of the laws would seem to require the Court to overrule *Blake* v. *McClung,* 172 U. S. 239, 260, 261, and many other cases. The plaintiff, a foreign corporation not doing business within the State

of Wisconsin, was not a person " within its jurisdiction." Moreover, the statutory provision complained of put non-residents substantially upon an equality with residents. Compare *Kane* v. *New Jersey,* 242 U. S. 160, 167. No question of interstate commerce is involved. In my opinion the equal protection clause does not prevent Wisconsin from moulding, in the case of foreign corporations, the details of its judicial procedure to accord with the requirements of justice.