## In re C. D. HAUGER CO.

### No. 3027.

District Court, N. D. Texas, Dallas Division.

Dec. 11, 1931.

Livingston & Henderson, of Memphis, Tenn., for creditor.

W. B. Harrell, of Dallas, Tex., for trustee.

ATWELL, District Judge.

The Shawmut Investment Corporation filed a claim for $4,375 against the bankrupt, seeking priority. The creditor is a Georgia corporation. The bankrupt is a Kentucky corporation. Each was doing business in the state of Tennessee by proper qualification.

Unsecured claims have been allowed against the bankrupt in the sum of about $110,000. Excepting $2,000 unsecured creditors in the state of Tennessee, and excepting petitioner's claim, all creditors reside in states other than Tennessee, including the states of Ohio, Missouri, New York, Massachusetts, Louisiana, Pennsylvania, and Texas.

A Tennessee statute (Acts 1877, c. 31, § 5) provides:

"The corporations, and the property of all corporations coming under the provisions of this act, shall be liable for all the debts, liabilities and engagements of the said corporations, to be enforced in the manner provided by law, for the application of the property of natural persons to the payment of their debts, engagements and contracts.

"Nevertheless creditors who may be residents of this State shall have a priority in the distribution of assets, or subjection of the same, or any part thereof, to the payment of debts over all simple contract creditors, being residents of any other country or countries."

This statute was held to be unconstitutional as to individuals, and constitutional as to foreign corporations permitted to do business in that state. Blake v. McClung, 172 U. S. 240, 19 S. Ct. 165, 43 L. Ed. 432. This distinction was made on the theory that a corporation is not a citizen within the meaning of that provision of the Constitution (article 4, § 2) which guarantees that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states. This construction is not altered by the reasoning in Kentucky Finance Corporation v. Paramount Auto Exchange Corporation, 262 U. S. 544, 43 S. Ct. 636, 67 L. Ed. 1112, because it is reiterated in Liberty Warehouse Company v. Tobacco Growers' in 276 U. S. 89, 48 S. Ct. 291, 72 L. Ed. 473.

Nor did the general purpose of the Bankrupt Act, which is a uniform sharing by all creditors of the debtor's property, prevent the applicability of the Tennessee statute. In re Standard Oak Veneer Co. (D. C.) 173 F. 103. See, also, Collier on Bankruptcy, vol. 2, page 1474; Bradford v. Graham (C. C. A.) 287 F. 686; Courtney v. Fidelity Trust (C. C. A.) 219 F. 57; In re Iroquois Machine Co. (D. C.) 166 F. 629; In re Crow (D. C.) 116 F. 110; Lumber Co. v. Globe-Wernicke Co., 4 Tenn. App. 522; Coke & Coal Company v. Steel Co., 123 Tenn. 428, 131 S. W. 988, 31 L. R. A. (N. S.) 278.

But the Bankrupt Act was amended in 1926 so that subdivision 7, § 64b, 11 USCA § 104(b) (7), reads, as follows: "Debts owing to any person who by the laws of the States or the United States is entitled to priority: Provided, That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States."

Concededly this amendment to the act was for the purpose of doing away with the distinction that the Tennessee citizen had theretofore enjoyed by reason of the statute above quoted. See report of special committee on practice in bankruptcy, American Bar Association, p. 51, Collier Pamphlet Edition: "The reasons for this amendment grow out of the fact that there is now existing in Tennessee, and perhaps in other states, a statute which provides that resident creditors shall have priority in the distribution of assets over residents of other states or countries. The United States supreme court held this act unconstitutional except insofar as it related to foreign corporations, with the result that a foreign corporation, doing business in Tennessee, is subordinated to all Tennessee creditors, as was held in Standard Oak Veneer Company [(D. C.) 173 F. 103], 22 A. B. R. 883. Clearly such an unfair discrimination and preferential outcome should not be permitted or left possible."

The congress had ample authority under the constitutional provision to declare priorities and to fix them and to supersede any favoritism in bankruptcy procedure that might have been enjoyed by citizens of either of the states. This amendment was for that purpose and must be given full force and effect.

It must be assumed that Congress was aware of the trend of the decisions and that it desired to insure uniformity, and likewise to undo the defining that was done by the Supreme Court in the case of Davis v. Pringle, and Borland v. United States, 268 U. S. 315, 45 S. Ct. 549, 69 L. Ed. 974. To give this construction to the amendment insures corporations the benefit of the constitutional provision against discriminations in any of the states of the Union. While we would not take from the state the right to fix the terms upon which a foreign corporation may enter that state for business, such terms must be reasonable and must not be discriminatory. In other words, the corporation now, under the amendment, is a person—a citizen—to whom, or to which, the protection of the fundamental law of the nation applies.

The participation in the framing of the national Constitution by all of the states warrants the Congress in denying to any state favoritism for its citizens without shuddering at the possibility of ignoring the sovereignity of such state.

It may be suggested that the entire amendment that was offered by the committee of the American Bar Association, which included a proviso that priorities granted by any state law to its residents, and to domestic corporations over nonresident and foreign corporations, should not be recognized or allowed, was not, in its fullness, used by Congress; further that the declaration in the amendment that the word "person," "as used in this section," shall include corporations, was not for the purpose of altering the holding of the Supreme Court that corporations were not persons or citizens—in other words, that a corporation was a person merely within the priority section, and not to be considered as a person or citizen within the Fourteenth Amendment, or within section 2 of article 4 of the Constitution. But such thought works confusion. It is a dual personality parade. A corporation is a person here and not a person there. Such construction is hardly appealing. Nor does such construction fit in with that geographical uniformity, Hanover National Bank v. Moyses, 186 U. S. 181, 22 S. Ct. 857, 46 L. Ed. 1113, that is desirable for this particular law. Where and when two different corporations present the same sort of claim, they should receive the same treatment under the same law.

The Tennessee statute being unconstitutional as to all persons resident in the forty-seven states of the Union, outside of Tennessee, with this construction of the 1926 amendment, becomes, likewise, unconstitutional as to all corporations, in the same forty-seven states. A priority being denied the Georgia corporation, which has been domesticated by accepting the Tennessee laws, results in no favor to the bankrupt corporation here, but to an equality for all of the other creditors, persons and corporations, of the other states mentioned. Such result is a compliment to the impartial equality of the law.

Therefore the Shawmut Investment Corporation is not entitled to a priority over other creditors, but may prove its claim as a general creditor.