## ZALATUKA v. METROPOLITAN LIFE INS. CO.

District Court, E. D. Wisconsin.

Feb. 10, 1936.

George W. Taylor, of Kenosha, Wis., for plaintiff.

Walter W. Hammond, of Kenosha, Wis., for defendant.

GEIGER, District Judge.

The action is brought by the plaintiff, a resident of Kenosha county, Wis., to recover accident insurance under a policy issued to her husband who died January 27, 1927. The policy comprehended $5,000 as life, and $5,000 as accident, insurance. The life insurance was paid. The complaint avers that death was due to accident, within provisions of the policy for accident insurance, entitling plaintiff to the additional $5,000, with interest from the date of death.

The action was commenced by the service of a summons and complaint upon the manager of the Kenosha office of the defendant. Plaintiff, at all times referred to in the complaint, was a resident of Kenosha county, Wis., and the defendant is now, and, at all of the times referred to, was, a life insurance company incorporated under the laws of the state of New York and during all of the periods at and after the issuance of the policy, licensed to do insurance business in the state of Wisconsin. The policy, as shown by the complaint, was dated December 7, 1925, and the present claim is alleged to have matured against the defendant January 27, 1927, the date of insured's death.

The defendant has demurred to the complaint and assigns as ground thereof that the cause of action is barred by the Wisconsin Statute of Limitations.

Although a single question is presented, reference to provisions of Wisconsin Statutes bearing upon limitation of actions, and upon the obligations of foreign corporations, is pertinent.

They are: .

"*330.15 Actions, time for commencing.* The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued."

"*330.19 Within six years; foreign limitation; notice of injury.* Within six years: * * *

"(3) An action upon any other contract, obligation or liability, express or implied, except those mentioned in sections 330.16 and 330.18."

And the particular section whose consideration is essential upon the ground assigned by the defendant, is:

"*330.30 Limitation when person out of state.* If when the cause of action shall accrue against any person *he shall be out of this state* such action may be commenced within the terms herein respectively limited after such person shall return or remove to this state. But the foregoing provision shall not apply to any case where, at the time the cause of action shall accrue, neither the party against or in favor of whom the same shall accrue is a resident of this state; and if, after a cause of action shall have accrued against any person, he shall depart from and reside out of this state the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action; provided, *that no foreign corporation which owns or operates within this state a manufacturing plant and which shall have filed with the secretary of state, duly executed by its president and secretary and to which its corporate seal is attached, an instrument appointing a resident of this state its attorney for it and on its behalf to accept service of process in all actions commenced against it upon causes of action arising in this state, shall be deemed a person out of this state within the meaning of this section.*" (Italics supplied.)

In connection with such statutes, and as supporting the position taken by the defendant, a provision of chapter 201 of the Wisconsin Statutes dealing with the licensing of foreign insurance companies to transact business in this state, and for service of process upon them, is pertinent. In 1925 such provision (section 201.38 (2) (b) read as follows: "Such insurer shall also appoint, in writing, the commissioner of insurance and his successors in office to

be its true and lawful attorney upon whom *all legal process in any action or proceeding against it* may be served, and in such writing shall agree that any legal process against it which is served on said attorney shall be of the same legal force and validity as if served on the insurer, and that such authority shall continue in force so long as there is any liability outstanding against the insurer in this state, whether the license of such insurer to do business in this state shall remain in force or shall be revoked or otherwise terminated. A copy of such writing, duly certified, shall be filed in the office of the commissioner, and copies certified by him shall be deemed sufficient evidence thereof."

By the Statutes of 1933 (section 200.03 (15) it is provided: *"Attorney for foreign companies.* He [the Insurance Commissioner] is by law constituted the attorney for all insurance companies admitted to this state for the purpose of service of summons and all other legal processes upon such companies while licensed here and thereafter so long as there are any liabilities outstanding against them in this state."

The demurrer tenders the specific question whether in the light of these statutes, the rule of the state of Wisconsin respecting the meaning and scope of section 330.30 (and which, as interpreted, effectively denies to defendant the right to the limitation) is unconstitutional as depriving such defendant of the equal protection of the laws as required by the Fourteenth Amendment to the United States Constitution.

The consideration proceeds upon concessions by plaintiff:

(1) That the question is properly before the court upon demurrer.

(2) That under the Wisconsin law providing for licensing foreign insurance companies, the defendant not only came lawfully into the state and executed the policy in question in this suit, but also became, and during all of the times in question, it was a "person" within the jurisdiction of the state of Wisconsin within the meaning of the Fourteenth Amendment to the Constitution.

The question, in its fact basis involves, and can involve, no more than the concession that defendant, though of "foreign" origin, became, was, and is, a "person" within the jurisdiction of the state of Wisconsin under the Fourteenth Amendment.

Therefore, there is excluded from consideration a question respecting the character of any "privilege or immunity" which the defendant, or any "citizen," corporate or natural, may have as a litigant in Wisconsin courts, and as being susceptible of enjoyment within the protective scope of article 4, § 2, of the Federal Constitution: "The *Citizens* of each State shall be entitled to all Privileges and Immunities of *Citizens* in the several States."

In other words, the broad right of a state, or of each state, to enact limitation laws is not conditioned either with respect to existence or scope upon any definition of "Privileges and Immunities of *Citizens* in the several States"; and Chemung Canal Bank v. Lowery, 93 U.S. 72, 23 L.Ed. 806, may be accepted as correctly ruling that and nothing more. Nor, it may be added, need it be considered whether the Wisconsin rule in question violates the prohibition of the Fourteenth Amendment: "No State shall make or enforce any law which shall abridge the privileges or immunities of *citizens* of the United States."

Defendant's challenge is solely that of denial, to it, as a "person," within the Wisconsin jurisdiction, of the equality to which it is entitled under the other prohibition of such amendment. To repeat: The case does not involve the broad question, whether the right to plead limitation acts is definitively comprehendable within "privileges and immunities" of *citizens*, either of "the several states" or "of the United States"; although cases arising under such clauses probably afford analogies in consideration of challenges respecting equality, discrimination, or classification arising under the clause before us.

Therefore, in a situation of equality of presence between two "persons"—corporations—the one of domestic and the other of foreign creation, it is contended that the former may, the latter may not, plead a want of timeliness in the exercise of the power of courts solely because of difference in origin. The latter, notwithstanding presence within the jurisdiction, may be deemed to be, and for that matter must be held to remain, absent.

It need not be said that, once a foreign corporation gets its license, once it becomes a "person" amenable to the processes of a state, it is entitled in every conceivable aspect or relationship to perfect equality with a "person" or a "citizen" of the state admitting it. Conditions to ad-

mission may be annexed, which may reasonably be exacted of foreign corporations seeking admission not exacted of domestic corporations. But, when imposed conditions have as their objective and effect the very matter of producing equality between foreign and domestic corporations, i. e., presence, and resultant amenability to process, then, it is merely arbitrarily paradoxical to assert continued inequality of situation where equality, that is, *equal presence* of both classes of "persons" within the jurisdiction has been attained. Such presence overrides the power to characterize it as "absence."

What conditions may, and what may not, be exacted as the price of admission, frequently involves consideration of "privileges" hereinbefore alluded to as arising in favor of "citizens," either of the United States or the several states. But, in respect of compelling, and bringing about, presence within the state, inequality cannot be justified on grounds not at all germane to the *fact* of presence.

That is what the case narrows to. And the discussion may be comprehended within the questions: What sort of a "person" is the defendant, once it is conceded to be within the constitutional definition of a "person" "within the jurisdiction" of Wisconsin, as these terms are found in the Fourteenth Amendment? Is the particular inequality cast upon it by the Wisconsin rule, is it consistent with "constitutional" equality?

Now the statutory rule and its interpretation whereof complaint is made is found particularly in Travelers' Ins. Co. v. Fricke, 99 Wis. 367, 74 N.W. 372, 78 N.W. 407, 41 L.R.A. 557; State v. National Accident Soc., 103 Wis. 208, 79 N.W. 220; Bode v. Flynn, 213 Wis. 509, 252 N. W. 284, 94 A.L.R. 480.

■ When, therefore, the denial whereof complaint is made is found in the interpreted rule of state legislation, such interpretation cannot be the test of denial binding upon the constitutional limitation in question, and hence not upon the federal judiciary as the ultimate determiner.

■ So, too, it must be conceded broadly, that statutes of limitation, when viewed as statutes of repose, operate to bring to the parties entitled to plead them, if well pleaded, what may be called immunity against establishment of an alleged adversary right. Some jurisdictions rule that the plea is effective only to the forum, others that it sets up an extinction of the right. Whichever it be, the contention before us is that, defendant, being a "person" *within* the Wisconsin jurisdiction, yet, because of its "foreign" origin, may be subjected to the inequality of denial of a plea of the statute, concededly available to domestic "persons" (natural or domestic corporations) who are in a station of equality with it; that is, equality in relation to subjection to the power of its courts.

■ It may be pertinent to develop the foregoing by further queries, viz.: What are the defendant's attributes, its responsibilities to immediate, and, it may be said, perpetual subjection to sovereign state power exercisable through court process at the instance of any one claiming it to be under liability? Wherein, if at all, as between it and other persons, or other domestic or foreign corporations, is there or may there be found, a distinction which, *reasonably* can be discerned as a basis for enforcing a want of equality of protection, in respect of the right to plead the limitation in question? And lastly, what, and wherein is found *the* particular fact or facts, which, when found, are *germane* to the object of the law and may be accepted rationally as a basis of distinction operable to a denial of the generality and equality of the limitation, which the statute otherwise grants? And, of course, *"germane"* means a rational, and a reasonable relation or fitness to a purpose or the subject-matter of the particular legislation, and, in classification, based upon a real and substantial difference. And, recurring to the definitive comprehension of the equality clause of the Fourteenth Amendment, it is, "equal protection" and a "pledge of the protection of equal laws"; or, as variantly stated, "the protection of laws applying equally to all in the same situation." Truax v. Corrigan, 257 U.S. 312, 332, 42 S.Ct. 124, 66 L.Ed. 254, 27 A.L.R. 375; Kentucky Finance Corp. v. Paramount Auto Exchange Corp., 262 U.S. 544, 550, 43 S.Ct. 636, 67 L.Ed. 1112; Power Mfg. Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165.

The particular subject of these variant queries has received clear recognition by the New York Appellate Court, where, in respect of laws quite similar to that of the present defendant in Wisconsin, and, by

444

way of overruling earlier New York decisions, it is said:

"But the position of the defendant corporations in all those cases differs from the position of the defendant now before us. They had their property here; they had their representatives here; they were exercising their corporate franchises here; but they were not here by force of a license sought for and granted under the authority of our local law. This defendant is a foreign corporation, but its franchise to act as a corporation does not empower it to transact the business of insurance in this state. It must subject itself to our laws, it must obtain the license of our government, or its business becomes illegal. Insurance Law, § 9; Laws 1909, c. 33; Consol.Laws, c. 28. It has therefore filed with the superintendent of insurance 'a written appointment of the superintendent to be the true and lawful attorney of such corporation in and for this state, upon whom all lawful process in any action or proceeding against the corporation may be served with the same effect as if it was a domestic corporation' (Insurance Law, § 30), and has received from the superintendent a certificate that it is authorized to transact an insurance business in this state (Insurance Law, § 9). It is here because our government has said that it may come here, and has defined the terms and conditions that entitle it to stay here.

"We think that a foreign corporation thus licensed under our own laws may not with reason be held to be absent from our state. It owes to the law of its creation its franchise to be a corporation, but it owes to the law of this state the privilege of doing business within our borders. In exercising that privilege it may be dealt with as if it were in truth a domestic corporation. This view of its position has support in recent decisions. In Morgan v. Mutual Benefit Life Ins. Co., 189 N.Y. 447, 454, 82 N.E. 438, we held that for many purposes a foreign insurance company, transacting business here, must be 'treated as a domestic insurance company and as domiciled in this state.' We pointed out that its presence here is 'not temporary, but continuous,' and under the authority of our laws. More recently, in Lockwood v. U. S. Steel Corporation, 209 N.Y. 375, 385, 103 N.E. 697, L.R.A.1915C, 471, we said that foreign insurance companies must be 'regarded as domiciled for certain purposes in the foreign state where they are permitted to do business.' See, also, New England Mut. Life Ins. Co. v. Woodworth, 111 U.S. 138, 4 S.Ct. 364, 28 L.Ed. 379. The principle of these decisions is applicable here. The defendant is not here occasionally and according to the shifting pleasure of its managers. It is here with a representative for the service of process under an appointment made permanent by the will of the law. In its transaction of business in New York, it is to be dealt with, pro hac vice, as a domestic corporation." Comey v. United Surety Co., 217 N.Y. 268, 111 N.E. 832, 834, Ann. Cas.1917E, 424.

I adopt the view that foreign corporations, like those just referred to, and like the defendant in this case, when present as persons within a state and obediently to its laws are "to be dealt with pro hac vice as * * * domestic corporations," and "may not with reason be held to be absent * * *." Their foreign origin and status no longer really and substantially differentiates them from domestic corporations, and is not germane to classifying them as "absent" or "out of the state," within the meaning of limitations laws.

It follows that the demurrer must be sustained.

The admitted facts appear to preclude amendment; and unless the plaintiff within ten days shall give notice of proposed amendment, judgment dismissing the complaint may be entered.